(No. 32720.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HILLIARD CARPENTER, Plaintiff in Error.

*Opinion filed November 18, 1953.*

HILLIARD CARPENTER, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

On March 7, 1952, the defendant, Hilliard Carpenter, was indicted in the criminal court of Cook County for the crime of murder. An attorney of his own choice entered his appearance for defendant on March 10. When arraigned on March 13, defendant appeared with his counsel and pleaded not guilty, and the case was continued. On April 7, defendant and his attorney were again present and agreed to a further continuance to May 16. On that day defendant appeared in person and by his counsel, and asked leave to withdraw his plea of not guilty and to enter a plea of guilty to the crime of manslaughter. He was admonished by the trial judge as to the consequences of a plea of guilty, but he persisted in his plea and it was accepted. Evidence was heard, defendant was found guilty of manslaughter, and sentenced to imprisonment in the penitentiary for a term of not less than three nor more than ten years. Appearing *pro se*, he prosecutes this writ of error. No bill of exceptions has been filed.

Defendant first contends that he should not have been permitted to withdraw his plea of not guilty and to plead

guilty to manslaughter because the indictment charged murder, only. It is settled, however, that the crime of manslaughter is embraced in the charge of murder and that one who is indicted for murder may, upon that indictment, be convicted of manslaughter if the evidence so warrants. (*People* v. *Liddell,* 353 Ill. 201; *People* v. *Beil,* 322 Ill. 434; *People* v. *Adams,* 289 Ill. 339.) No authority is cited which suggests that a plea of guilty to the lesser offense may not be accepted, and we see no reason which would justify such a holding. It follows that the court properly imposed the indeterminate sentence which the offense of manslaughter carries.

Defendant also argues that the judgment should be reversed because, as he says, he was denied the benefit of Rule 27A of this court, in that no inquiry was made upon his arraignment concerning his ability to secure counsel. Rule 27A provides: "In all criminal cases wherein the accused upon conviction shall, or may, be punished by imprisonment in the penitentiary, if, at the time of his arraignment, the accused is not represented by counsel, the court shall, before receiving, entering, or allowing the change of any plea to an indictment," advise him of his right to counsel, and if he is unable to employ counsel shall appoint counsel to represent him. (Ill. Rev. Stat. 1953, chap. 110, par. 259.27A.) By its own terms the rule does not apply in this case, for the record shows that defendant was represented by counsel at every stage of the proceedings in the criminal court.

Defendant's remaining contention is that his motion for release on probation should not have been overruled without ordering an investigation of its merits. The record shows that the court heard testimony after the plea of guilty was accepted, and heard arguments in favor of and in opposition to the application for probation. Granting or refusing probation rests within the discretion of the trial court and its action in refusing probation is not subject to

review unless the defendant shows affirmatively that the action of the trial court was purely arbitrary. (*People* v. *Molz,* 415 Ill. 183.) Here, the record contains nothing to support a claim that the trial court acted arbitrarily. See: *People* v. *Molz,* 415 Ill. 183; *People* v. *Syer,* 400 Ill. 444; *People* v. *Brown,* 392 Ill. 519; *People* v. *Harrison,* 392 Ill. 511; *People* v. *Jensen,* 392 Ill. 72.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*