(No. 43445.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
SAMUEL W. GAINES, Appellant.

*Opinion filed April 1, 1971.*

MORTON ZWICK, Director of Defender Project, of Chicago, (FREDERICK F. COHN, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (FRED G. LEACH and THOMAS J. IMMEL, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:
On November 13, 1962, the defendant, Samuel W.

Gaines, pleaded guilty to a charge of armed robbery in the circuit court of St. Clair County and was sentenced to the penitentiary for a term of not less than 20 years nor more than 50 years. The defendant's petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) was denied on the State's motion without an evidentiary hearing. The defendant has appealed to this court from this order of dismissal. Ill. Rev. Stat. 1967, ch. 110A, par. 651.

The defendant relies here on two allegations of his petition, which he claims entitled him to post-conviction relief. They are: (1) his guilty plea was invalid because the judge's admonition failed to inform him adequately of the permissible range of the sentence which might be imposed; and (2) his plea of guilty was improperly induced by his attorney in the original proceedings. The State's response is that the circuit court properly dismissed the defendant's petitions because, *inter alia,* the admonition was sufficient, particularly under the statute in force at the time of his plea and that the record fully refutes the allegation that the defendant's plea was improperly induced by his attorney.

Before accepting the defendant's plea of guilty the trial court had admonished: "It is my duty to inform you this that under the constitution and laws of the State of Illinois you are entitled to a trial by jury, to representation by counsel, to be confronted by witnesses who testify against you, and that you cannot be found guilty until you have been so found by the verdict of the jury, of twelve jurors, residing in this county. And you must also understand that on your plea of guilty, the court can adjudge you guilty of the crime of armed robbery, as alleged in this indictment, and could sentence you to an indeterminate term in the Illinois State Penitentiary for any number of years, and the court can fix the minimum and maximum terms of such sentence. Now knowing your legal rights and consequences

of your plea of guilty to the charges in the indictment, do you still persist in your plea of guilty?" Defendant Gaines: "Yes."

The defendant complains that this admonition was not sufficient to apprise him of the possible sentence he could receive, and as a consequence his plea of guilty was invalid as it cannot be said it was an intelligently offered plea. To support his contention the defendant cites *People v. Terry,* 44 Ill.2d 38, 39, where the admonition was judged to have been insufficient. There the trial court advised the defendant only that "the punishment for burglary is an indeterminate sentence in the penitentiary." We consider the circumstances here more closely resemble the admonition given in *People v. Scott,* 43 Ill.2d 135, 142. There we held that the defendant was sufficiently informed of the consequences of his pleading guilty when he was advised that he "could be sentenced to the penitentiary for any number of years not less than one year." Here, the defendant, represented by counsel, was admonished that upon his plea of guilty to armed robbery he could be sentenced to an indeterminate term in the penitentiary for any number of years, and that the court could fix the minimum and maximum terms of such sentence. After being informed of his rights to trial and these consequences of pleading guilty, the defendant persisted in his plea of guilty. The admonition, we believe, under all the circumstances, was sufficient.

The defendant's other contention is that he was entitled to an evidentiary hearing on the allegation in his petition that his plea was improperly induced by his counsel's representation that he would not receive more than 20 years if he pleaded guilty. In support of his second amended petition, the defendant filed his own affidavit and that of his sister. The defendant's affidavit declared that the State's Attorney had promised the defendant that if he pleaded guilty that he would "not get much time" and that his own attorney advised him to plead guilty and that the maximum sentence

he could receive would be 20 years. His sister's affidavit alleged that the State's Attorney and the defense counsel had requested that she attempt to convince the defendant to plead guilty to armed robbery to receive a lighter sentence, which she did.

The defendant cites *People* v. *Williams,* 47 Ill.2d 1; *People* v. *Wegner,* 40 Ill.2d 28; *People* v. *Sigafus,* 39 Ill.2d 68; and *People* v. *Washington,* 38 Ill.2d 446, for the proposition that where a post-conviction petition alleges that a guilty plea is the result of an unfulfilled promise of a lighter sentence, the petitioner is entitled to a hearing to determine the truth or falsity of his allegations. The cases, however, are distinguishable from this. In those cases we held that petitioners were entitled to hearings because their allegations of unfulfilled promises were uncontradicted. (See *People* v. *Spicer,* 47 Ill.2d 114.) Here there are facts in the record relating to the issue of promises, which fairly contradict the defendant's claims and after reviewing the entire record we conclude that the trial court properly granted the motion to dismiss the defendant's second amended petition. (See *People* v. *Slicker,* 42 Ill.2d 307, 308.) At the hearing in aggravation and mitigation which took place immediately after the defendant entered his plea, this colloquy between the defendant and the Assistant State's Attorney took place:

"Mr. O'CONNELL [Assistant State's Attorney]: And your plea of guilty that you have made, at no time did I say that I would ask the court to be lenient, and the fact is that I told you, when I talked with you, that I was going to try to see that you got everything I could possibly get you, is that right?

DEFENDANT GAINES: Yes Sir.

Mr. O'CONNELL: In other words, there have been no promises made to you at all on this plea.

DEFENDANT GAINES: No sir."

Neither the defendant nor his sister objected when the sentence was imposed at the termination of the hearing in aggravation and mitigation. The defendant took no appeal, made no motion to withdraw his plea and did not file his initial petition for post-conviction relief until 62 months after he entered his plea of guilty. Our language in *People* v. *Spicer,* 47 Ill.2d 114, which involved a case with resemblance to the one here, seems appropriate here: "Thus, from the record itself there is no doubt that defendant acted with full understanding at every stage of the proceedings and that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise or otherwise. Paraphrasing the language of *People* v. *Smith,* 42 Ill.2d 547, it would seem incredible that any fact-finder would believe defendant if he now testified in support of his allegations, and his testimony would be of little, if any, value at an evidentiary hearing. We, therefore, find that under these circumstances the trial court did not err in dismissing defendant's petition without an evidentiary hearing."

Accordingly the judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*