(No. 43188.—■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ALEXANDER MENDOZA, Appellant.

*Opinion filed May 21, 1971.*

PRICE, CUSHMAN, KECK & MAHIN, of Chicago, (DENNIS M. WILSON, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and GEORGE ELSENER, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

On October 27, 1967, Alexander Mendoza pleaded guilty in the circuit court of Cook County to charges of automobile theft, armed robbery and unlawful use of a weapon. He was sentenced to concurrent terms in the penitentiary of from one to five years on the unlawful-use-of-weapon indictment and from three to five years each on the theft and robbery indictments. The trial court granted the State's motion to nol-pros a fourth indictment charging aggravated battery.

On April 17, 1969, defendant filed a post-conviction petition under the terms of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) alleging: "(1) he had not been properly admonished as to his right to a jury trial; (2) he had not been properly admonished as to the effects of his guilty plea; (3) he had not been properly admonished as to his right to a hearing in mitigation and aggravation; and (4) the court failed to hold a sanity hearing to determine his competency to stand trial." The petition was dismissed without an evidentiary hearing and defendant appeals from that judgment. The fourth allegation is not argued here.

The record of the change-of-plea proceedings includes the following admonition by the court:

"Mr. SPURLARK: Judge, do you want to, for the record, admonish him:

THE COURT: I do. At this time, Mr. Alexander Mendoza, your counsel advises me that you wish to change your pleas of not guilty and to enter pleas of guilty, is that correct?

THE DEFENDANT: Yes.

THE COURT: Now, when you plead guilty you automatically waive your right to a jury trial, do you understand that?

THE DEFENDANT: Yes.

THE COURT: Before accepting your pleas of guilty to Indictment 67—2675, 67—3402 and 67—3481, it is my duty to inform you that on indictment 67—3402, charging you with theft, you may be sentenced to a term of not less than one nor more than ten years in the Illinois State Penitentiary. On Indictment 67—2675, charging you with robbery, you may be sentenced to an indeterminate term, with a minimum of not less than one year. On Indictment 67—3481, charging you with the unlawful use of weapon, you may be sentenced to a term of one to five years.

Now, knowing that, do you still persist in pleading guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Let the record show that the defendant has been advised as to the consequences of his pleas of guilty to these indictments, and therefore, after being so advised, persists in his pleas. The pleas therefore will be accepted."

This record clearly establishes that defendant was informed by the court that a guilty plea automatically waives the right to a jury trial. It is argued, however, that since defendant was not similarly admonished, on the record, that he was simultaneously waiving additional constitutional rights, including the privilege against self-incrimination and the right to confront his accusers, the waiver of these rights was not voluntary and intelligent. The record of the trial court's admonition to the defendant at the change-of-plea proceedings shows substantial compliance with our Rule 402, (43 Ill.2d R. 402), as well as with Rule 401(b), (43 Ill.2d R. 401(b)), in effect at the time in question. (*People* v.

*Hamby,* 39 Ill.2d 290; *People* v. *Slicker,* 42 Ill.2d 307.) The free and voluntary character of defendant's plea, as disclosed in this record, is uncontradicted by factual allegations in the petition or by accompanying affidavit. The fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of his plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences. At the time defendant entered his plea he was represented by privately retained counsel and it is not alleged that his counsel failed to adequately advise him of the consequences of a guilty plea. Evidence that at least some explanation of these consequences was made by his counsel is shown by the following excerpt from the record of the change-of-plea proceedings:

"MR. SPURLARK: The defendant is here before the bench. I have talked with him and I have explained to him the opportunity that is his in the matter of his Constitutional right to trial by jury or a bench trial. I have also explained to him the Fourth Term Act."

In view of the absence of evidence in the record or by affidavit supporting defendant's claim that he did not understand the consequences of his plea, and the failure to explain such absence, we find the petition insufficient to require a hearing and its dismissal justified.

The remaining allegations raise errors or irregularities that are not jurisdictional and are thus waived by a voluntary plea of guilty. *People* v. *Newell,* 41 Ill.2d 329; *People* v. *Dennis,* 34 Ill.2d 219; *People* v. *Scott,* 29 Ill.2d 429.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*