THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN RUFUS DUGGER, Defendant-Appellant.

(No. 71-356; ▮▮▮▮▮▮▮▮▮▮)

Second District—August 31, 1972.

Frederick F. Cohn, of Defender Project, of Chicago, (Darrell F. Holmes, Jr., of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant pled guilty to armed robbery and, after denial of probation, was sentenced for a term of 2 to 5 years.

The issues on appeal are that: (1) the admonishment was insufficient and (2) the denial of probation was improper.

■■ It is argued that the defendant did not understand the consequences of his plea because the trial court failed to, in accordance with Supreme Court Rule 402(a)(2), adequately inform him of the maximum punishment that could be imposed. On this point, the record includes the following:

"* * * The Court might sentence you on your plea of guilty to the penitentiary for a period of years not less than two, and on this crime, the statute does not set a maximum penalty, that is left to the Judge. That is, the top penalty, as many years as is possible to be sent. So you might be sentenced to the penitentiary for a period of years, the minimum sentence must be at least two years, and the maximum sentence would be fixed by the Court.

If you were sentenced, you would be sentenced to an indeterminate sentence, which might be not less than two. The Court is not bound by the minimum. He might make it a higher minimum. Or a maximum number of years fixed by the Court.

Understanding that, do you still wish to plead guilty?

The Defendant: Yes."

Defendant substantiates his claim by citing *People v. Mackey,* 33 Ill.2d 436 (1965); *People v. Terry,* 44 Ill.2d 38 (1969); and *People v. Medley,* 122 Ill.App.2d 279 (1970). These cases are inapplicable to the facts herein. We hold that the cases of *People v. Gaines,* 48 Ill.2d 191, (1971); and *People v. Mendoza,* 48 Ill.2d 371, (1971) more readily apply to the instant facts and consequently control in reaching our decision that the admonition was sufficient.

· The defendant also contends that the trial court erred in denying him probation. The hearing on defendant's motion for probation (which stood as a hearing in aggravation and mitigation) discloses, in aggravation, that on the date of the crime the defendant had been drinking "pretty heavy"; that while approaching a gas station he directed a friend, who was driving defendant's car, to pull into the station and wait for

him; that defendant entered the station and, at the point of a gun, demanded money from the attendant. The attendant complied and was placed in the backroom. Upon exiting the station, the defendant found that his friend had left with his car. He walked home where the police were waiting and arrested him.

In mitigation, the record discloses that the 25-year-old defendant has a seventh grade education, is married, the father of one child, has been regularly employed, supports his family and, except for previous traffic violations, has never been convicted of any crimes.

At the conclusion of the hearing, the court stated:

"Petition for release on probation will be denied. Where there is a gun used, and it's a hold up, there has to be an end to it sometime. It is the nature of the crime."

Thereupon the court sentenced the defendant to the statutory minimum term of 2 years and a maximum term of 5 years.

Defendant claims error in the trial court's denial of probation, reasoning that the defendant has never been convicted of any felony and that the judge's statement evidenced him to be predisposed to denial of probation in cases of armed robbery. It is argued that, contrary to the trial court's attitude, the legislature has made probation available for the offense of armed robbery and, since the defendant was without criminal record, the denial of probation amounted to an abuse of judicial discretion.

■■ Allowance of probation is a matter within the discretion of the trial court, subject to review only to ascertain whether the determination was, in fact, the exercise of discretion or whether the court may have acted in an arbitrary manner. (*People v. Saiken,* 49 Ill.2d 504, 514-515 (1971).) The discretion "is not even reviewable" unless the defendant affirmatively shows that the trial court's action was arbitrary. See, *People v. Molz,* 415 Ill. 183, 189-191 (1953); *People v. Carpenter,* 1 Ill.2d 347, 349-350 (1953); *People v. Pelikan,* 6 Ill.2d 275, 277 (1955); and *People v. Hamby,* 6 Ill.2d 559, 563-567 (1955) [overruling *People v. Donovan,* 376 Ill. 602].

■■ Defendant stands convicted of a serious crime. Its gravity is reflected in the legislature's determination of the minimum punishment for the conviction of armed robbery. At the time of the offense herein, the penalty provided was imprisonment for an indeterminaate number of years with a minimum of 2 years. (Ill. Rev. Stat. 1969, ch. 38, sec. 18—2). Worthy of note but not considered in reaching our decision, eight months after the instant offense, the legislature changed the penalty to a minimum of 5 years for the first offense (8 years for a second or subsequent

238

offense) (Ill. Rev. Stat. 1971, ch. 38, sec. 18—2) and additionally forbade probation for such crime (Ill. Rev. Stat. 1971, ch. 38, sec. 117—1).

We conclude that the trial court did not act arbitrarily, but exercised its discretion in the denial of probation.

The judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.