THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MALCOLM EHRLER, Defendant-Appellant.

(No. 72-114;

Second District—December 11, 1972.

Frederick F. Cohn, of Chicago, for appellant.

Eric S. DeMar, State's Attorney, of Galena, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Malcolm Ehrler, appeals from the denial of his post-conviction petition in which he sought to vacate his plea of guilty to the charge of murder. He contends that the plea is void because the admonishment relative to the sentence which could be imposed did not fully advise him of the consequences of his guilty plea.

Defendant had previously been convicted in a jury trial of the murder and sentenced to 25—50 years in the penitentiary. We reversed the conviction in *People v. Ehrler* (1969), 114 Ill.App.2d 171, and remanded the cause for a new trial. Subsequently defendant entered into informal plea negotiations with the State's Attorney through his counsel, the Public Defender. This resulted in an agreement by the State's Attorney to recommend a 16—40 year sentence. On March 6, 1970, the court accepted the plea of guilty and thereafter sentenced the defendant to 16—40 years in accordance with the recommendation.

Before accepting the plea the court admonished the defendant, as pertinent to the possible punishment for the crime, as follow:

"The Court: You understand that you could be sentenced to death or a minimum term of fourteen years, do you thoroughly understand that?

Defendant: Yes.

The Court: Do you understand if you enter a plea of guilty the Court can sentence you to death, or fix your sentence for an indeterminate period of not less than fourteen years?

A. Defendant: Yes, sir.

\* \* \*

The Court: Before I can accept your plea of guilty, it is my duty to fully advise you of your rights under the law and of the effect and consequences of your plea of guilty. In this case you are charged with the crime of murder. The Statute provides that the penalty for the crime of murder is punishment by death or imprisonment in the penitentiary for an indeterminate term, a minimum of not less than fourteen years, do you understand that?

Defendant: Yes.

The Court: The court finds from the proceedings had in open court at this time that the accused understands the nature of the charge against him, and the consequences thereof. The Court further finds that the defendant understandingly persists in his plea of guilty to the charge of murder. That plea is accepted.

The Court: The court has set the hearing for mitigation and aggravation when you may present anything you have in mitigation. Do you understand that?

Defendant: Yes."

■■ Defendant's argument essentially is that the court's reference to "death or imprisonment in the penitentiary for an indeterminate term, a minimum of not less than fourteen years", does not clearly and unambiguously state the maximum term which defendant is entitled to know before he can enter an understanding plea. Defendant contends that on retrial of a case in which the previous punishment had been a term of years in the penitentiary, the imposition of the death penalty on retrial was a practical impossibility and therefore not the maximum penalty. Defendant concludes that the reference to the death penalty in his case was surplusage and not informative so that the admonishment of "an indeterminate term", read without reference to death, is clearly insufficient. (*People v. Terry* (1969), 44 Ill.2d 38; *People v. Mackey* (1965), 33 Ill.2d 436, among others.) And defendant also questions whether death is the maximum punishment in comparison with a long period of years in any event.

The provisions of the Criminal Code in effect when the guilty plea was taken required the court to inform the defendant of the consequences of his plea and of "the maximum penalty provided by law" which may be imposed. (Ill. Rev. Stat. 1969, ch. 38, pars. 113—4 (c), 115—2 (a) (2).) Supreme Court Rule 401 (b) (Ill. Rev. Stat. 1969, ch. 110A, par. 401 (b) ), in effect at the time of the plea, provided that the court shall not permit a plea of guilty unless the court finds from the proceedings in open court that defendant understands "the consequences thereof if found guilty, * * *", and "* * * comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law * * *."

Whether death is the maximum punishment when compared with a term of years may, of course, be debated in philosophic terms. But we think, in practical terms, a defendant would clearly consider this to be the maximum punishment he could receive. Moreover, a fair reading of the statute setting the penalty for murder (Ill. Rev. Stat. 1969, ch. 38, par. 9—1 (b) ), would indicate that death is referred to as the maximum

punishment rather than merely a different punishment than imprisonment for a term of years.[1]

While it is perhaps true that there was no real chance of the death penalty being imposed and it would have been better practice for the court to have admonished defendant as to the maximum imprisonment in terms of years in the penitentiary, the failure to state the maximum number of years when it would constitute a sentence less than death did not invalidate the plea. While the use of the word "indeterminate" in explaining a maximum sentence without more is insufficient, the use of the term when it is further explained (here, by stating the maximum penalty of "death", coupled with the statement of the minimum term "of 14 years") does not require reversal. It is clear from the record that the defendant understood the possible range of punishment he could expect. See *People v. Gaines* (1971), 48 Ill.2d 191, 193; *People v. Dugger* (1972), 7 Ill.App.3d 235, 287 N.E.2d 307, 308. See also, *People v. Goodwin* (1971), 50 Ill.2d 99, 102-103.

■■ Defendant's contention that the admonishment as to death was erroneous because the prior sentence of 25—50 years foreclosed the death penalty is without merit. See *People v. Bernette* (1970), 45 Ill.2d 227, reversed on other grounds 403 U.S. 947, 29 L.Ed.2d 858, 91 S.Ct. 2290; *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072.

The judgment below is affirmed.

Judgment affirmed.

ABRAHAMSON and T. MORAN, JJ., concur.

---

[1] "A person convicted of murder shall be punished by death or imprisonment in the penitentiary for any indeterminate term with a minimum of not less than 14 years. ❋ ❋ ❋"