THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD DEAN ABEL, Defendant-Appellant.

(No. 11609; ▮▮▮▮▮▮▮)

Fourth District—February 22, 1973.

John F. McNichols, of Defender Project, of Springfield, for appellant.

Paul S. Stone, State's Attorney, of Sullivan, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted of the offense of theft of property with a value in excess of $150 upon his plea of guilty. A sentence of not less than three nor more than ten years in the Illinois State Penitentiary was imposed. In this direct appeal the defendant contends that the trial court accepted the plea of guilty without first ascertaining a factual basis for the plea and that the court did not advise the defendant that he had a right to plead not guilty as required by Supreme Court Rule 402(a) (3). Chap. 110A, par. 402(a)(3) Ill. Rev. Stat. 1971.

The defendant was arrested for the instant offense some time after 10:30 P.M. on December 22, 1970. On the morning of December 23, 1970 he appeared in court and the instant charge was filed upon the defendant's waiver of indictment. The trial court explained to the defendant his rights under the case of *Miranda v. Arizona* (1966), 384 U.S. 436, advised the defendant of the right to counsel and then explained in considerable detail the various methods of posting bail. The defendant was advised as to his rights to a jury trial and a preliminary hearing. The

defendant was also informed that he had the right to waive any of the enumerated rights. The defendant requested counsel, counsel was appointed. Prior to the appointment of counsel and based upon the conversation at the time of the explanation of the foregoing rights the court enquired whether the defendant "had in mind offering to enter a plea at the time". Ultimately this case was concluded upon the entry of a plea of guilty arising out of negotiations between defense counsel and the State's Attorney. At this juncture we note that Rule 402(d)(1) contemplates that the trial judge shall not initiate plea discussions.

In the afternoon of the same day, the defendant appeared with court appointed counsel, waived preliminary hearing, indictment, was advised as to the possible penalties for the charged offense, was advised as to his right to a jury trial or a trial before the court without a jury, and was given a form which indicated both a plea of guilty and a waiver of jury trial. The defendant signed this printed form. The court then informed the defendant of the legal effect of pleading guilty and of waiving trial. The State's Attorney stated for the record the terms and conditions of the negotiated plea which included a recommendation by the People of a sentence of three to ten years, the dismissal of three pending charges —one felony and two traffic offenses.

Court informed the defendant that he wanted to determine that he did in fact commit the acts set forth in the information, that the defendant knew the possible penalty and knew what the recommendation of the People as to sentence would be. The court did not accept the plea of guilty, but proceeded to a hearing in aggravation and mitigation. At that hearing the sheriff testified as follows:

> "Approximately 10:30 last night we received a report of a pick-up truck, being stolen from in front of the Knotty Pine Tavern. The truck had the name Harry Dugan painted on the side. We put out a local bulletin on this truck and shortly thereafter we had another report of mail boxes being knocked down South on Route 32. We alerted the car in Windsor—City police car which proceeded in a Northerly direction on Route 32 and one of our cars and also the City police car went South. The Windsor police car noted the lights of a vehicle turning on the Findlay Road and followed it and approximately three miles West they found the truck overturned and about the same time or shortly after that one of our deputies arrived at the scene and found Mr. Abel crawling out of the truck. He seemed to be injured about the head and chest. He was bleeding quite profusely so they requested an ambulance. We called Mr. McMullin and they sent an ambulance out. At

first he refused to go to a doctor or a hospital but finally the boys got him in and bought [sic] him to the Best Clinic."

In addition to the foregoing the court heard matters relating to the prior record of the defendant and his involvement with law enforcement officials in adjoining counties. Following this hearing the court entered an order accepting the plea of guilty and sentencing the defendant to a term of not less than three nor more than ten years.

■■ It is urged that the record is insufficient in furnishing a factual basis for the plea in that intent to permanently deprive the owner of the property is not established. We do not agree. The indictment in this case specifically charged that the defendant obtained unauthorized control over the pickup truck, alleged the value of the truck to be in excess of $150 and that the defendant obtained such unauthorized control with intent to deprive the named owner permanently of the use and benefit of the property. At several times during the interrogation of the defendant, in an effort to ascertain the voluntary nature of the plea, the court inquired of the defendant if he understood the nature of the charge and if his plea of guilty was based upon the fact that he was in fact guilty of the charge *as specified* in the information. We deem this to be sufficient substantial compliance with the requirements of Rule 402 to ascertain the existence of a factual basis for the plea.

■■■ This record also establishes substantial, if labored, compliance with the remaining requirements of Rule 402. It is true that the defendant was not explicitly advised that he had a right to plead not guilty. We agree with our colleagues in the Fifth District as stated by them in the case of *People v. Krouse,* 7 Ill.App.3d 754, 288 N.E.2d 543, that the object and purpose of the requirement found in 402 that the defendant be advised of his right to plead not guilty is to ascertain that the defendant be aware of the alternatives available to him. In this case as in *Krouse* the defendant was advised of his right to a jury trial, of his right to a trial before the court, and fully informed as to the burden upon the people to establish his guilt beyond a reasonable doubt. Clearly, in the context of this lengthy procedure, the defendant was given to understand the alternatives available to him. See *People v. Mendoza,* 48 Ill.2d 371, 270 N.E.2d 30, and *People v. Grace,* 8 Ill.App.3d 847, 290 N.E.2d 318.

■■ Referring again to the factual basis for the plea, we note that such was injected in this record at the hearing in aggravation and mitigation and in rather unusual chronology. The hearing in aggravation and mitigation is for the purpose of informing the court of the subjective matters aimed at fixing sentence. It is much to be preferred that the factual basis for the plea of guilty be ascertained prior to and separate from

214

the hearing in aggravation and mitigation. However, the procedure here employed has been approved in *People v. Warship*, 6 Ill.App.3d 461, 285 N.E.2d 224.

The judgment and sentence of the circuit court of Moultrie County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.