THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME HARRIS, Defendant-Appellant.

(No. 72-61; ▮▮▮▮▮▮▮▮▮▮▮▮)

Fifth District—June 5, 1973.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, (James W. Jerz and Edward N. Morris, of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

On February 25, 1970 defendant entered a plea of guilty to the crime of armed robbery and was given a sentence of not less than two nor more than five years in prison. The sole issue defendant raises on appeal is whether the court's admonitions as to the possible sentence were complete. Those admonitions were:

"The Court: * * * You must also understand, under your plea of guilty, the Court can adjudge you guilty of the crime of Armed Robbery as alleged in the indictment and you can be sentenced for any indeterminate term of a minimum of not less than two years.

Defendant: Yes, sir.

The Court: And the Court can fix the minimum and maximum term of such sentence. Now, knowing your legal rights, do you still persist in your plea of guilty?

Defendant: Yes, sir.

Mr. Rice (State's Attorney): Your Honor, we would ask, \* \* \* there was a case reversed on whether the subject understood indeterminate.

The Court: Do you understand what indeterminate means, Mr. Harris?

Defendant: No.

The Court: All right. I have stated to you 'indeterminate'. This means I can sentence you to any maximum length of time that I want to. Does that explain it to you?

Defendant: Yes, sir.

The Court: Is there any further explanation needed by you?

Defendant: No.

The Court: I am only talking about the maximum term, do you understand that?

Defendant: Yes, sir, I do."

The basis of defendant's argument is that defendant did not realize at the time he entered his plea that he faced a possibility of receiving a minimum sentence of more than two years and accordingly his plea was not knowingly and intelligently given as required by *Boykin v. Alabama*, 395 U.S. 238.

■■ We must disagree with defendant's argument. The record is totally devoid of anything that would indicate defendant did not fully understand the possible sentence that could be imposed. The defendant in fact received the minimum permissible term of imprisonment for the crime of which he was convicted. We can find no basis for his complaint. Admittedly he was told that he could be sentenced for any indeterminate term and that the minimum would be not less than two years. Defendant then stated he did not understand the meaning of "indeterminate" but after an explanation he stated that he then understood it and that further explanation was unnecessary. The procedure followed by the court was in compliance with pertinent portions of Supreme Court Rule 401(b) (Ill. Rev. Stat., 1969, ch. 110A, sec. 401(b)) governing receipt of pleas of guilty at the time of defendant's plea. See *People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30.

■■ The sentence imposed upon defendant was within the limits prescribed by law and does not require adjustment on appeal in accordance with the Rules stated in *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, and *People v. Shadowens*, 10 Ill.App.3d 450, 294 N.E.2d 107.

Affirmed.

G. MORAN, P. J., and CREBS, J., concur.