THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESTER WILLIAMS, Defendant-Appellant.

(No. 72-269;

Second District—December 17, 1973.

Ralph Ruebner, Deputy Defender, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva, and James W. Jerz and Martin Moltz, both of Model District State's Attorneys Office, of Elgin, for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, Lester Williams, was indicted for the offenses of attempt armed robbery and rape. The trial court accepted the defendant's

plea of guilty to rape, and sentenced the defendant to serve a term of 5-15 years in the Illinois State penitentiary. The sentence was to run concurrently with sentences then being served by the defendant.

The issues before the court are whether or not the defendant had been properly admonished according to Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, sec. 402), and whether or not the Unified Code of Corrections requires the summary modification of the defendant's sentence.

Defendant committed the offense of rape on February 18, 1972 at approximately 5:30 A.M. The defendant entered the victim's house while the victim was sleeping, put a knife to her neck, demanded money, and raped her. The four children of the victim were asleep in another room. He then left the house.

At the time of the commission of the offense the defendant was 23 years old, single, and an inmate of Stateville prison, but was participating in the work release program out of Lewis College in Joliet. He was employed in Aurora since going on the program in September, 1971. The record indicates he was serving three separate but concurrent sentences of 3-7 years for attempt burglary, burglary, and armed robbery. ■■ Before accepting defendant's plea of guilty, the trial court informed the defendant of the minimum and maximum length of the sentence for rape, a class 1 felony, by stating:

"* * * The punishment could range anywhere from four years to infinity, which to me means the end of the world."

Citing *People v. Terry* (1969), 44 Ill.2d 38, 253 N.E.2d 383, the defendant contends that this statement by the court did not adequately inform him of the maximum sentence which could be imposed as required by Supreme Court Rule 402(a)(2). The defendant argues that the use of an ambiguous and confusing term such as "infinity" made the admonishment as to possible maximum sentence defective under the ruling of *Terry*. In *Terry*, the trial court only stated the maximum sentence that must be imposed "is an indeterminate sentence in the penitentiary." That is not the situation in the case before us. The trial court here gave both the possible minimum and maximum sentences in terms that an ordinary person in the circumstances of the accused could readily understand. Certainly, the trial court did not mislead the defendant into believing he would receive the minimum sentence or some similar sentence relating to the minimum of four years. *People v. Gaines* (1971), 48 Ill.2d 191, 268 N.E.2d 426; *People v. Ehrler* (1972), 8 Ill.App.3d 912, 290 N.E.2d 406; *People v. Dugger* (1972), 7 Ill.App.3d 235, 287 N.E.2d 307. Compare, *People v. Huggins* (1973), 11 Ill.App.3d 307, 296 N.E.2d 360.

Defendant further argues that the trial court failed to admonish him

of his constitutional right against compulsory self-incrimination and his right to confront witnesses. Such failure, the defendant contends, violated due process of law under *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, and Illinois Supreme Court Rule 402. In *Boykin* the United States Supreme Court stated:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation.] Second, is the right to trial by jury. [Citation.] Third, is the right to confront one's accusers. [Citation.] We cannot presume a waiver of these three important federal rights from a silent record." 395 U.S. at 243, 23 L.Ed.2d at 279-280.

The court in *Boykin,* however, did not hold that the failure of the trial court to specifically admonish the defendant of these rights is a denial of due process and invalidates a guilty plea. The test for determining the validity of a guilty plea both before and after *Boykin* is whether or not the defendant voluntarily and intelligently entered his plea of guilty. In *People v. Reeves* (1971), 50 Ill.2d 28, 276 N.E.2d 318, the defendant entered a plea of guilty to involuntary manslaughter and was sentenced to the penitentiary for a term of 2-6 years. The defendant therein contended under the ruling in *Boykin* that he was denied due process of law in the acceptance of his plea in that the trial court failed to admonish him that his plea of guilty waived his right to confront his accusers and his privilege against self-incrimination. That is exactly the situation presented in the case before us. The Illinois Supreme Court in *Reeves* at page 29 disposed of this contention, as we do, in the following statement:

> "* * * *Boykin* does not in any manner alter or modify the constitutional standards by which the validity of a plea of guilty is to be determined. The constitutional requirement both *pre* and *post Boykin,* is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' (*Brady v. United States, 397 U.S. 742, 747 footnote (4), 25 L.Ed.2d 747, 756, 90 S.Ct. 1463, 1468.*) This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22." See also *People v. Arndt* (1971), 49 Ill.2d 530, 276 N.E.2d 306.

With the intent to implement the requirement of the *Boykin* decision the Illinois Supreme Court adopted Rule 402. (See 50 Ill.2d R. 402, Com-

mittee Comments; *People v. Anderson* (1973), 10 Ill.App.3d 558, 294 N.E.2d 763.) Sub-paragraphs 402(a) (3) and 402(a) (4) require the trial court to admonish the defendant:

"(a)    *   *   *

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

These sub-paragraphs encompass, in essence, those rights enumerated in *Boykin.* (See the Committee Comments.) However, as *Boykin* does not hold a specific waiver of each of these constitutional rights must appear upon the record, the Illinois Supreme Court accordingly has ruled that a trial court need only substantially comply with Rule 402 to satisfy the purpose and intent of the rule. (*People v. Mendoza* (1971), 48 Ill.2d 371, 270 N.E.2d 30.) To meet the standards of *Boykin* and fulfill the purpose of Rule 402 "substantial compliance" with the rule is such sufficient compliance as to allow a reviewing court to find from the record that a defendant has voluntarily and understandingly entered his plea of guilty.

The Illinois courts have found "substantial compliance" with Rule 402 where the records indicate the defendant understandingly and voluntarily entered his plea, when the trial court had failed to admonish the defendant of the following, *viz.,* his right to plead not guilty (*People v. Abel* (1973), 10 Ill.App.3d 210, 291 N.E.2d 841); his right to confront the witnesses against him and his right to persist in his plea of guilty (*People v. Mendoza, supra; People v. Anderson, supra*); his right to confront the witnesses against him (*People v. Caughlin* (1972), 7 Ill.App.3d 389, 287 N.E.2d 499; *People v. Wintersmith* (1972), 9 Ill.App.3d 327, 292 N.E.2d 220); and that if he pleaded guilty there would be no trial of any kind, that he would not be confronted with the witnesses and where the court failed to inquire whether any force or threats were used to obtain the plea (*People v. Krassel* (1973), 12 Ill.App.3d 64, 298 N.E.2d 384; *People v. Shepard* (1973), 10 Ill.App.3d 739, 295 N.E.2d 310).

However, in certain instances the Illinois courts have not found substantial compliance with Rule 402 where the trial court failed to admonish the defendant of his right to a trial by jury and his right to confront witnesses (*People v. Bolden* (1972), 7 Ill.App.3d 730, 288 N.E.2d 541), and where the trial court failed to admonish the defendant of his right to a jury trial, his right to confront witnesses, and his privilege against compulsory self-incrimination. (*People v. Thompson* (1973), 10

Ill.App.3d 455, 294 N.E.2d 104; *People v. Kehoe* (1973), 10 Ill.App.3d 955, 295 N.E.2d 292.) In all of these cases the record did not indicate the defendant had voluntarily and understandingly entered his plea of guilty. In summary,

> "Supreme Court Rule 402 requires a trial judge to insure that a defendant made, on the record, an intelligent and understanding guilty plea through substantial compliance with the provisions of the rule, but it does not require him to parrot a number of specifically proscribed [*sic*], formal phrases that would render these constitutional guarantees counter-productive and put in jeopardy the very values they were meant to preserve." *People v. Anderson* (1973) 10 Ill.App.3d 558, 564, 294 N.E.2d 763, 767-768.

■■ In addition to being admonished of the possible minimum and maximum sentences, the defendant in the case before us was admonished of the nature of the charge (Supreme Court Rule 402(a) (1)), of his right to persist in his plea of not guilty, and of his right to a jury trial. In addition to these admonishments required by Supreme Court Rule 402, the defendant was further admonished of his presumption of innocence, of the State's burden to prove him guilty beyond a reasonable doubt, and of defendant's right to be tried before a different judge. We must conclude that the trial court was in substantial compliance with Supreme Court Rule 402. We are satisfied from our review of the record, that the defendant was adequately informed of and that he understood the consequences of his plea of guilty. The defendant voluntarily and understandingly entered his guilty plea.

■■ Lastly, the defendant contends that the trial court failed to determine the factual basis for the plea prior to accepting the defendant's plea as required by Rule 402(c). In *People v. Warship* (1972), 6 Ill.App.3d 461, 285 N.E.2d 224, however, we have ruled that it is sufficient under the rule if the trial court determines the factual basis for the plea at the hearing in aggravation and mitigation after the plea had been accepted. (Accord, *People v. Abel* (4th Dist. 1973), 10 Ill.App.3d 210, 291 N.E.2d 841; *People v. Kinsley* (5th Dist. 1973), 10 Ill.App.3d 326, 293 N.E.2d 627.) In the case before us the facts disclosed in the pre-sentencing report which was given to the trial court before the hearing in aggravation and mitigation were adequate enough to constitute a basis for the plea entered by the defendant.

■■ The defendant has filed a motion for summary modification of sentence which we ordered taken with the case. Defendant contends that under the provisions of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1,) the trial court should have sentenced the defendant to the statutory minimum of 4-12 years. This section,

however, permits the trial court to sentence a defendant to a term higher than the minimum if the nature and circumstances of the offense, and the history and character of the defendant so dictate. After a careful examination of the record, we find that the trial court did not abuse its discretion in sentencing the defendant to a term of 5-15 years in the penitentiary. Although the defendant has a satisfactory or an above average work history, completed four years of a trade school after graduating high school, and displayed good potential in various trades, the nature and circumstances of this offense of rape and his prior convictions certainly dictate a sentence which is higher than the minimum.

For the foregoing reasons the judgment of the circuit court of Kane County is affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.