The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert Carlisle, Defendant-Appellant.

(No. 12093; )

Fourth District—January 16, 1974.

John F. McNichols, Deputy Defender, of Springfield, for appellant.

John Satter, State's Attorney, of Pontiac (John A. Beyer, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged with the offense of escape in violation of Illinois Revised Statutes 1971, chapter 108, paragraph 121. Upon his plea of guilty he was sentenced to a term of not less than one nor more than two years, consecutive to a sentence then being served by the defendant in the Pontiac branch of the Illinois State Penitentiary. Upon this direct appeal the defendant contends that the statute under which he was convicted is unconstitutional and that it denies him the equal protection of the law; and that the trial court failed to comply with Supreme Court Rule 402(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 402) in that the court did not determine that there was a factual basis for the defendant's plea of guilty. We affirm.

■■ Upon the issue of the constitutionality of the statute under which the defendant was convicted, this court in *People v. Spaulding* (1973), 17 Ill.App.3d 628, 307 N.E.2d 720, fully discusses the identical issue and argument. We there concluded that the statute there involved and here involved was constitutional. We adhere to the views expressed in

*Spaulding* and for the reasons set forth in the opinion in *Spaulding* we reject the contention of the defendant of the unconstitutionality of the statute.

██ On the second issue—the failure of the trial court to elicit a factual basis for the plea—our examination of this record indicates that the defendant's position is well taken in the sense that at the time of the acceptance of the plea of guilty the trial court did not have before it that which would constitute a factual basis for the plea. However, prior to the imposition of sentence—which is the final judgment in a criminal case—the trial court conducted an extensive hearing upon the defendant's petition for probation. During the course of that hearing, the nature of the offense and the factual basis for the plea were clearly set forth. Thus, while the factual basis for the plea was not obtained in the usual chronology, it was, in fact, obtained before the entry of final judgment. Such is sufficient to satisfy substantial compliance with the requirements set forth in Supreme Court Rule 402(c). See *People v. Warship*, 6 Ill. App.3d 461, 285 N.E.2d 224; *People v. Abel*, 10 Ill.App.3d 210, 291 N.E. 2d 841.

The judgment and the sentence of the circuit court of Livingston County are affirmed.

Judgment affirmed.

SMITH, P. J., and KASSERMAN, J., concur.