THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JAMES HALL, Petitioner-Appellant.

(No. 57758; ▮▮▮▮▮▮▮)

First District (5th Division)—April 11, 1974.

Paul Bradley, Deputy Defender, of Chicago (James R. Streicker, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James Veldman and Dennis J. O'Hara, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal of a dismissal of a petition for post-conviction relief without an evidentiary hearing. On review petitioner argues that: (1) his guilty plea is invalid because the trial court's admonition failed to inform him adequately of the permissible range of sentence that might be imposed; and (2) the contention raised in his petition that his guilty plea was induced by the unfulfilled promise of his attorney could not be dismissed without an evidentiary hearing.

On March 18, 1970, petitioner entered a plea of guilty to an information charging him with armed robbery. Before accepting the plea the trial court admonished petitioner and a co-defendant (not a party to this appeal) that they were charged with a felony, that they had the right not to proceed under the information, but could require their case be taken before the Grand Jury; that if the Grand Jury returned an indictment, they had the right to a jury trial, and that by entering a guilty plea they were waiving these rights. In response to the court's inquiry, petitioner acknowledged that he understood the import of these admonitions but, nevertheless, wished to persist in his guilty plea. The court then admonished petitioner and his co-defendant that:

> "* * * I could impose a sentence upon each of you, by sentencing you to a minimum two years to an undetermined period more than two years in the Illinois State Penitentiary."

Petitioner once again acknowledged that he understood the consequences of his plea. Before imposing the sentence of from 2 to 3 years recommended by the State, the court determined that this sentence was the recommendation conveyed to petitioner by his attorney.

At the time of his armed robbery conviction, petitioner was on probation, having been previously convicted of burglary. The State filed a rule to show cause why his probation should not be revoked, and a hearing was held before a judge other than the judge who sat at the change of plea hearing. In addition, petitioner was represented by a different attorney at this later proceeding. Upon his admission that he had been convicted of armed robbery, petitioner's probation was ordered revoked. The court sentenced him to a term of from 2 years to 2 years and a day to be served consecutively to the term he received for his armed robbery conviction. Petitioner immediately protested that he had been promised that whatever sentence he received upon revocation of his probation would be served concurrently with that which he had been given for armed robbery, otherwise he "never would have copped out for the crime."

Petitioner filed a pro se petition for post-conviction relief as to the armed robbery conviction. Counsel was appointed and an amended petition was filed. The petition alleged that petitioner had not been sufficiently admonished as to the consequences of his guilty plea in that he was not told the maximum sentence which might be imposed and, further, that his attorney at the change of plea hearing had induced the guilty plea by promising that the sentence received there would run concurrently with that later to be imposed upon the revocation of his probation. Attached to the amended petition were the affidavits of three persons who were present with petitioner in the lockup prior to his change of plea hearing. They swore that they overheard petitioner's counsel promise that the two sentences would run concurrently.

The State moved to dismiss the petition. In support of this motion the affidavit of petitioners' attorney at the change of plea hearing was submitted stating that he had no independent recollection of this matter and that upon reviewing his notes he could find no indication that petitioner had informed him that he was on probation. The State also submitted the affidavit of petitioner's attorney at the probation revocation hearing which stated that while he too apparently had no independent recollection of this matter, his notes indicated that petitioner had said nothing to him about the alleged promise of concurrent sentencing.

On the basis of the transcripts, motions and affidavits submitted for consideration, the court below found that petitioner's contentions did not merit an evidentiary hearing and consequently dismissed the petition.

■■ Relying on *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383, petitioner first contends that the court's admonition was insufficient since it did

not apprise him precisely of the maximum sentence which might be imposed.* The trial court admonished petitioner that he could be sentenced for a term of from "a minimum two years to an undetermined period more than two years in the Illinois State Penitentiary." We note that in *People v. Gaines,* 48 Ill.2d 191, 268 N.E.2d 426, the supreme court upheld as sufficient an admonition that the accused could be sentenced to "an indeterminate term in the Illinois State Penitentiary for any number of years and the court can fix the minimum and maximum terms of such sentence." (See also *People v. Daniels,* First Dist. No. 59258, 18 Ill.App.3d 197, 309 N.E.2d 631, upholding a similar admonition.) In reaching its decision the court specifically found *Terry* to be inapplicable. In the instant case petitioner received an admonition substantially similar to that upheld in *Gaines.* In view of the absence of any evidence that he did not understand the consequences of his plea, we find that the admonitions given him were sufficient. *Cf. People v. Mendoza,* 48 Ill.2d 371, 270 N.E.2d 30.

Petitioner also contends that his petition required an evidentiary hearing since the allegation that his plea was the product of an unfulfilled promise of his attorney presented an issue of fact that could be resolved only by the taking of evidence. Specifically he asserts that he was promised that the sentence that he received for pleading guilty to armed robbery would run concurrently with that to be imposed upon revocation of his probation. In pressing his claim petitioner points to the affidavits of the individuals who were with him in the lockup on March 18, 1970, when he met with his attorney. These affidavits are in agreement that a promise of concurrent sentencing had been made.

The State argues that *Gaines* should also control our disposition of this issue. In *Gaines* the defendant submitted his own affidavit and that of his sister in support of his contention that his plea was the result of an unfulfilled promise by counsel of leniency. The supreme court, pointing to such factors as the fact that at the hearing in aggravation and mitigation the defendant was specifically asked whether his plea was the product of a promise of leniency and that later he failed to protest when an exceptionally severe sentence was imposed, held that where there are facts in the record relating to the issue of alleged promises which fairly contradict a petitioner's claim, a court may properly grant a motion to dismiss. We, however, find the instant case to be distinguishable.

The State here has supported its motion to dismiss with the affidavits of petitioner's attorneys at the change of plea hearing and at the proba-

---

* Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402, 50 Ill.2d R. 402) was not in effect at the time petitioner entered his plea.

tion revocation hearing. In neither instance, apparently, did the attorney have an independent recollection of the events relevant to petitioner's claim. The statements made by both, after reviewing their notes, at best inferentially contradict petitioner's assertions. Moreover, the record reveals that petitioner protested at the probation revocation proceeding that he entered his plea to the armed robbery charge as a result of the representations of counsel that he would receive concurrent sentences.

■■ We find that a factual issue has been raised, that this issue cannot be resolved by merely reviewing the hearing transcripts, pleadings and affidavits, and, consequently, we find that the court below erred in dismissing the petition without an evidentiary hearing. *People v. Sigafus*, 39 Ill.2d 68, 233 N.E.2d 386.

The judgment entered below is reversed and remanded for an evidentiary hearing on the issue of whether petitioner's plea was the product of an unfulfilled promise.

Reversed and remanded with directions.

SULLIVAN, P. J., and LORENZ, J., concur.