THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHRISTOPHER ALEXANDER, Defendant-Appellant.

First District (3rd Division)   No. 1—88—0648

Opinion filed November 7, 1990.—Rehearing denied January 25, 1991.

Maria Harrigan, of State Appellate Defender's Officer, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Jane E. Loeb, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Defendant, Christopher Alexander, pled guilty to murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(2)) and attempted armed robbery (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 18—2). He argues on appeal that the attorney who represented him on his motion to withdraw his guilty plea had a conflict of interest because he simultaneously represented codefendant Iyrania Hill. Defendant also argues that he should be allowed to withdraw his guilty plea because the trial court erroneously stated that he was eligible for natural life imprisonment for murder, or alternatively, that he should be resentenced because the trial court erroneously believed that defendant was eligible for natural life imprisonment. Defendant also argues that he should be able to withdraw his guilty plea because the trial court did not admonish him as to the possible sentence for attempted armed robbery.

Defendant was charged with murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(2)) and attempted armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 8—4(a)). Defendant was initially represented by private counsel. Codefendant was represented by assistant public defender James E. Burke. Defendant withdrew his plea of not guilty. The trial court admonished defendant that because there was no plea agreement with the State it could sentence him to a minimum of 20 years' imprisonment and a maximum sentence of 40 years' imprisonment, that "under certain circumstances," the sentence could be enhanced to 80 years, and that "[i]n addition, there is a life sentence under certain circumstances, either of the case itself, or based upon your past record."

The trial court asked whether there was the possibility of the death sentence, and Burke responded no. The trial court then stated that it understood that this was not a "death sentence case *** because the age of the defendant." The assistant State's Attorney stated that defendant was not 18 years old at the time of the commission of

the offense, and the trial court stated that therefore the maximum sentence was a life sentence without parole. The trial court then asked defendant if he wished to enter a plea of guilty if he realized that his sentence could range anywhere between 20 years' imprisonment and a life sentence. The trial court further questioned defendant to determine that he was voluntarily and knowingly giving up his right to a jury trial.

The assistant State's Attorney then gave the following factual basis for the plea. A witness would testify that she saw defendant and codefendant standing in the lobby of 1344 W. 13th Street on January 13, 1987, at approximately 12:30 p.m. Larry Johnson walked into the lobby towards the elevator, and codefendant approached him and announced that she was going to rob him. Johnson continued to walk towards the elevator. Codefendant walked over to defendant a short distance away from the elevator and asked him for the "missile." Defendant handed codefendant a gun, and codefendant walked up to Johnson and again stated she was going to rob him. Johnson stated that he did not believe her, and defendant took the gun from codefendant.

Defendant stated, "[Y]ou think I am kidding?" and shot Johnson, who fell into the elevator. The doors started to shut but hit Johnson's feet, which were hanging out of the elevator. Defendant and codefendant kicked Johnson's feet into the elevator and told the witness who was standing in the elevator with another person to "take him up." Johnson died of the gunshot wound to his chest. Defendant gave a statement to an assistant State's Attorney that he cocked the gun and it fired accidentally.

The trial court accepted the plea of guilty and entered a judgment of guilty on both charges. The trial court again stated to defendant that there had been no agreement as to what his sentence would be, that the sentence could be 20 to 40 years' imprisonment, and that it could also impose a life sentence without parole.

A bench trial then proceeded against codefendant. Burke argued in his opening statement that the evidence would show that Johnson had been shot by a weapon which was in the hands of defendant Alexander, that there was no issue as to who was holding the weapon when it was fired, and that codefendant was being tried on the theory of accountability for Johnson's murder. Burke argued in his closing argument that codefendant's defense was that there was no attempted armed robbery or armed robbery but only "playing." Burke also argued that after an unsuccessful attempted armed robbery, defendant killed Johnson. Codefendant was found guilty of armed violence, at-

tempted armed robbery, and murder based on felony murder.

At a joint sentencing hearing, the trial court again asked defendant if he persisted in his plea of guilty when there was a potential sentence of 20 to 80 years' imprisonment and, "under certain conditional circumstances," to a life sentence without parole. Defendant was still represented by private counsel. Two witnesses were called on defendant's behalf. The State requested that defendant be sentenced to natural life imprisonment. Burke requested that the trial court sentence codefendant to the minimum of 20 years' imprisonment and emphasized her young age. Defendant's counsel also asked for the minimum sentence.

For the murder convictions, defendant was sentenced to 36 years' imprisonment and codefendant was sentenced to 20 years' imprisonment. The trial court stated that the reason for the difference was that defendant brought the gun to the scene, and that although a life sentence without parole was possible, it was not imposed because of defendant's "opportunity to be responsible to *** [himself] and to others." In addition, defendant and codefendant were each sentenced to 15 years' imprisonment on the attempted armed robbery convictions to run concurrently with the murder sentences. The public defender was appointed to represent codefendant in her appeal and to represent defendant in a motion to vacate the guilty plea. Burke stated that he would prepare the motion.

Burke filed an amended motion to withdraw defendant's plea of guilty and to vacate the judgment in which it was argued that defendant was not guilty, that his counsel promised that he would be sentenced to no more than 15 years' imprisonment, and that the nature of the charges was never fully explained to him. At the hearing on the motion, defendant testified that his attorney told him that he would be sentenced to 15 years' imprisonment and that he was never told by his previous private attorneys that he could be sentenced to life imprisonment. He was told that the "maximum would probably be forty, twenty to forty." He also recalled that the trial judge said the minimum sentence was 20 years' imprisonment. The motion was denied, and the appellate defender was appointed to represent defendant on appeal.

Defendant first argues that the attorney who represented him in connection with his amended motion to withdraw his guilty plea had a conflict of interest because the attorney previously argued that codefendant should have received a minimum sentence since she did not shoot Johnson and because the attorney therefore could not have effectively argued that defendant's sentence should have been reduced.

■■ ■ The sixth amendment right to effective assistance of coun-

sel prohibits an attorney from representing conflicting interests. (*People v. Washington* (1984), 101 Ill. 2d 104, 110, 461 N.E.2d 393.) But joint representation of codefendants is not a *per se* violation. (*People v. Nelson* (1980), 82 Ill. 2d 67, 72, 411 N.E.2d 261.) There was no conflict of interest here because counsel's position on defendant's motion to withdraw his guilty plea was not antagonistic to codefendant. The motion alleged that defendant was promised that he would be sentenced to no more than 15 years' imprisonment and that the nature of the charges was not fully explained. The issue on the motion to withdraw was therefore not whether defendant's sentence was excessive but whether defendant understood the charges and potential sentences. A comparison of the sentences received by defendant and codefendant was not relevant to the issue whether defendant's guilty plea was knowingly and voluntarily given. There is therefore no merit to the argument that defendant's counsel could not have effectively argued that his sentence should have been reduced.

■■ Defendant could not have waived his right to conflict-free counsel by his guilty plea because he was not admonished of the existence of a conflict or of its significance. (*People v. Olinger* (1986), 112 Ill. 2d 324, 339, 493 N.E.2d 579.) Such a waiver must be knowing. (*Olinger*, 112 Ill. 2d at 339.) In addition, the alleged conflict of interest occurred after the entry of the guilty plea. The State's additional argument that the issue was waived because not raised in the motion to withdraw the plea also fails. The alleged conflict of interest occurred at the time the motion to withdraw was filed by Burke so that the conflict of interest issue would not have been raised in the motion or contained therein.

Defendant next argues that he should be permitted to withdraw his guilty plea because the trial court erred in informing him that he could be sentenced for murder to a term of natural life imprisonment. Defendant argues that he was ineligible for natural life imprisonment, that it was not the maximum sentence, and that the error could have influenced his guilty plea because the risks of trial were substantially less than he thought.

Supreme Court Rule 402 provides that in hearings on guilty pleas, there must be substantial compliance with admonitions to defendant of "the minimum and maximum sentence prescribed by law." (107 Ill. 2d R. 402(a)(2).) The sentence for murder was 20 to 40 years' imprisonment or, if the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or if any aggravating factors were present, natural life imprisonment could be imposed. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1).) Defendant argues that

the only possible aggravating factor was that the murder occurred in the course of another felony but that the factor could not be applied because defendant was not at least 18 years old at the time of the offense. (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(b).) The State responds that a defendant under 18 years of age could be sentenced to natural life imprisonment if the murder was brutal and heinous, and defendant replies that the murder did not fall under that category.

■ A finding that the murder was brutal and heinous was conceivable so that a term of natural life imprisonment was the possible maximum sentence. Supreme Court Rule 402 (107 Ill. 2d R. 402) requires that the trial court admonish defendant of the maximum sentence prescribed by law and makes no exception for an unlikely sentence. (See *People v. Nichols* (1981), 96 Ill. App. 3d 354, 356, 420 N.E.2d 1166 (trial court must inform defendant of possible sentence of death penalty even if the State did not request a death penalty hearing); *People v. Kraus* (1984), 122 Ill. App. 3d 882, 887-88, 461 N.E.2d 1036 (no error in admonishing defendant of possible sentence of death when State later argued its inapplicability); *People v. Ehrler* (1972), 8 Ill. App. 3d 912, 915, 290 N.E.2d 406 (admonishment of possibility of death penalty as maximum penalty was not error despite defendant's argument that imposition of death penalty on retrial was a practical impossibility because the previous punishment was a term of years).) The failure to inform defendant of a possible sentence is a violation of the admonishment rule. (*People v. Back* (1974), 18 Ill. App. 3d 746, 748, 310 N.E.2d 420.) The trial court's admonishment of defendant of a possible sentence of natural life imprisonment was therefore required.

■ Defendant next argues that the trial court did not admonish him as to the possible sentence for attempted armed robbery. This failure was not substantial compliance with Supreme Court Rule 402 (107 Ill. 2d R. 402) because at the very least defendant was not advised of the minimum sentence for attempted armed robbery. But the error was harmless because his sentence for attempted armed robbery was concurrent with the greater murder sentence, which was within the range admonished.

The judgment of the circuit court is affirmed.

Affirmed.

RIZZI and FREEMAN, JJ., concur.