**People of the State of Illinois, Plaintiff-Appellee, v. Horace Louis, Defendant-Appellant.**

**Gen. No. 52,408.**

First District, First Division.

June 23, 1969.

 

Gerald W. Getty, Public Defender of Cook County, of Chicago (John E. Hughes and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant, Horace Louis, aged 29, was found guilty in a bench trial of the crime of burglary and attempt to commit rape. He was sentenced to the Illinois State Penitentiary for a term of three to ten years for burglary and seven to fourteen years for attempted rape, the sentences to run concurrently. Defendant contends on appeal that the State failed to prove him guilty beyond all reasonable doubt and that this cause be remanded to the trial court for a hearing on mitigation.

On February 5, 1965, at 1:00 a. m., the complaining witness, Ruth Vincent, aged 79, was asleep in the bedroom of her apartment on the third floor of 1333 W. Jackson Blvd., Chicago, Illinois. Appellant, after smashing the door and breaking the chain on the lock, came to her bed, took his shoes and pants off and got into the bed. He told her he was going to have sexual intercourse

with her and asked her to perform an act of oral copulation which she refused. After he fell asleep, she slipped out of bed and went across the street to call the police. The defendant was asleep when arrested and appeared to be intoxicated. He was indicted, found guilty and sentenced.

██ Defendant maintains that on February 5, 1965, he was incapable of possessing the intent to commit the crimes for the commission of which he was found guilty. We agree that if the defendant were wholly incapable of forming the intent charged because of intoxication, he would not be guilty. The facts involved herein clearly indicate the opposite. He did break the lock and chain thereon, he undressed and told the complaining witness that he would have sexual intercourse with her. Under these facts and circumstances, the question of whether he was so intoxicated as to not know what he was doing and lacked a mind sufficient to form an intent, was a question for the trial judge as trier of the facts to determine. The trial judge was in a better position to judge the extent of the defendant's intoxication than we are. We will not substitute our judgment for that of the trial court.

We agree with defendant's contention that there was no hearing on mitigation. We are mindful of defense counsel's answer to the trial judge's question about the appellant's criminal record which was: "This defendant has never been, prior to today, convicted of any crime . . . ."

Chapter 38, § 1–7 (g) of the Ill Rev Stats (1965), provides:

"(g) Mitigation and Aggravation

"For the purpose of determining sentence to be imposed, the court shall, after conviction, consider

358

the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

 There had been some question in the past whether a hearing on aggravation and mitigation was mandatory. There appears no doubt today that such a hearing must be held. It can be helpful to the trial court in reaching a proper decision in sentencing a defendant. It can likewise be helpful to the reviewing court in deciding whether a sentence be reduced. It can be of assistance in post-trial hearings and in hearings before the Parole and Pardon Board. This court has already decided that such a hearing is mandatory. In People v. Smice, 79 Ill App2d 348, 223 NE2d 548 (1967), the Illinois Appellate Court said:

"We believe it to be the spirit and intent of section 1–7(g) that the court hearing on aggravation and mitigation is mandatory unless understandingly waived by the defendant and not requested by the State; and that a transcript of the inquiries of the court and the answers of the defendant, if any, pertaining to such waiver should be made, as well as a transcript of the hearing, when not so waived by the defendant or when requested by the State. This view is fortified by the provisions of section 121–9(b)(4) of the Code. Under this construction and procedure, the trial court would have before it the required sociological information with reference to the defendant, to assist in determining a proper sentence for the offense. In addition, reviewing courts could

then meaningfully pass on the propriety of the sentence."

■ The judgment of conviction is affirmed. The sentence is vacated. This cause is remanded to the Circuit Court of Cook County, Criminal Division, to conduct a hearing in aggravation and mitigation, and then for imposition of an appropriate sentence after such hearing.

Conviction affirmed; sentence vacated and cause remanded.

*Affirmed.*

MURPHY and BURMAN, JJ., concur.