THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE WAYNE PRICE, Defendant-Appellant.

(No. 71-206;

Third District—February 15, 1973.

James Geis, of Defender Project, of Ottawa, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Lee Wayne Price, following a plea of guilty to a charge of burglary, was sentenced by the circuit court of Iroquois County to a term of not less than one (1) nor more than three (3) years. Defendant in seeking reversal and a new trial contends that the trial court did not comply with Supreme Court Rule 402 is that it erred in accepting defendant's plea of guilty without first having determined that there was a factual basis for such plea under the provisions of Rule 402(c) and, also, did not admonish him of his right to trial by jury and of the right to be confronted with witnesses against him under Rule 402(a)(4). Ill. Rev. Stat. 1971, ch. 110A, par. 402.

■■■ · It is pertinent to observe at the outset that the suggestion that the trial court must first determine the factual basis prior to acceptance of a guilty plea under Rule 402(c) is not correct. The factual basis must be determined prior to final judgment. The rule itself provides specifically and clearly:

"The court *shall not enter final judgment* on a plea of guilty without first determining that there is a factual basis for the plea." Supreme Court Rule 402(c). (Emphasis added.)

In connection with determining the factual basis for the guilty plea no particular type of inquiry is specified and it has been determined that the court may satisfy itself as to the existence of the factual basis by having a prosecutor state the facts in the presence of defendant, by inquiring of defendant, by having the facts stated by a knowledgeable witness, by examination of a pre-sentence report, or by any other means which seem appropriate for the particular case. (Committee Comments on Rule 402(c), Ill. Rev. Stats. Anno., ch. 110A, § 402(c); *People v. Dugan*, 4 Ill.App.3d 45, 280 N.E.2d 239; *People v. Doe*, 6 Ill.App.3d 799, 286 N.E.2d 645.) As pointed out in the *People v. Doe* case, the rule does not require that the court set out the factual basis in detail in the record.

■■■ We agree that the better practice would be for the trial court

to specify expressly the nature of the facts and that the court had made such determination of the factual basis for the plea. Such procedure would show a technical compliance with the rule. We do not believe, however, that it is reversible error to omit to do so if the record shows that the court did in fact make such determination. During the arraignment in this case, on an occasion when the court was explaining to defendant that it was not bound by plea-bargaining agreements entered into by defense counsel and the State's Attorney, defendant told the court that he had confessed to the crime. At the probation hearing which immediately followed arraignment, defendant gave testimony on examination by both his own attorney and the State's Attorney which clearly established the factual basis for his plea of guilty. On the basis of such showing, we believe that the record adequately shows a determination by the court of a factual basis for entering final judgment.

■■ We also believe that there is no merit to the contention that defendant was inadequately advised of his right to a trial by jury and of the right to be confronted with the witnesses against him. Advice which is given to a defendant must be read in a factual and realistic manner and in light of circumstances surrounding the waiver of a jury trial. (*People v. Mace*, 79 Ill.App.2d 422.) As stated in *People v. Outten*, 22 Ill.2d 146, an admonition is sufficient if an ordinary person in the position of the accused would understand it. Measured by such standards, the jury admonitions here were adequate. It is shown in the record that defendant was no stranger to criminal prosecution, and that he had confessed his guilt to the State's Attorney in the case. It also discloses that a plea of not guilty was originally entered, and that the plea of guilty was not entered until a week after conferences between defendant, defendant's counsel and the State's Attorney. The trial court on two separate occasions advised defendant of his right to have a jury determine the question of his guilt or innocence. Under all the circumstances of the case, therefore, it is clear that defendant knowingly and understandingly waived his right to a jury trial and the confrontation of witnesses which a trial would entail.

Since there is no reversible error in the record, the judgment of the circuit court of Iroquois County should be and is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.