THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED RUS-SELL CONGLETON, JR., Defendant-Appellant.

(No. 11750;

Fourth District—February 27, 1974.

John F. McNichols, Deputy Defender, of Springfield (Bruce L. Herr, Assistant Appellate Defender, of counsel), for appellant.

Alvin H. Pettit, State's Attorney, of Jerseyville, for the People.

ON REHEARING

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted of voluntary manslaughter upon his plea of guilty. Pursuant to a negotiated plea, a sentence of 18-20 years was imposed. In this direct appeal, the defendant asserts there was no factual basis for the plea and that the sentence imposed was excessive.

The defendant was indicted for murder on February 8, 1971. At a hearing on October 21, 1971, the defendant entered a plea to two counts of voluntary manslaughter. Before accepting the plea, the court asked the State's Attorney whether there was a factual basis for the plea. The State's Attorney replied in the affirmative and indicated that the prosecution was ready to proceed by testimony and evidence that this defendant did in fact commit the crime of voluntary manslaughter in the manner and form charged in the indictment. At that point in the proceedings, the testimony and evidence was not introduced. The court admonished the defendant of his rights and of the effect and consequence of his plea of guilty and then found that there was a factual basis for the plea. Thereafter, in November 1971, there was a hearing on defendant's motion for probation and a hearing in aggravation and mitigation. At that hearing, a Gerald Nairn, Sheriff of Jersey County, testified as did a Douglas Keith. Their testimony related to the circumstances of finding the nude body of a male in a field in Jersey County and the identification of the body. The defendant testified at this hearing as to the events leading up to the death of James Brooks. In substance, his testimony effectively exculpated him from any part in the incident if that testimony were to be believed.

■■ A codefendant, James Mize, testified at the hearing. His testimony as it related to the occurrent events is abstracted as follows:

"When I first saw Brooks, he was on the passenger side of the car. The car hit him. Mr. Congleton knew that he hit him because I told him that we hit the man, and then we both started getting scared. After we hit him, we circled up so we could give him some light. We must have brushed him again, and then I finally got out of the car to check the body * * *.

When Congleton made a circle with the car and came back, he was giving me light so that when I got out I could tell if he was alive, to see if he was making any motions with his arms or legs. After we hit him with the right side of the car, we made a circle and came back. A split second before we hit him the second time we saw the body; Fred is used to driving a standard shift and he told me that he went to reach for the clutch or brake, and he missed the brake and hit the man again. It was more like a graze. All it was was a little jar of the car, and that was it.

Q. Was it—were—let me put it this way, either one of the hitting of Mr. Brooks with the car intentional?

\* \* \*

A. No, sir, I don't think they was intentional."

In an initial opinion filed in this case, we concluded that the testimony established a factual basis for the plea, including the evidence as to intent and that the testimony was sufficient, although not received in the usual chronology. Having granted rehearing and having re-examined the testimony of Mize, we agree with the defendant that it cannot fairly be said that the testimony of Mize standing alone establishes a factual basis for the plea of voluntary manslaughter and satisfies an evidentiary basis to establish the mental state unique to the offense of voluntary manslaughter. See *People v. Dodson*, 11 Ill.App.3d 709, 297 N.E.2d 367.

■■ At the time of the November hearing in aggravation and mitigation, the State indicated its willingness to reduce the charge in the then two-count indictment for murder to a charge of the lesser included offense of voluntary manslaughter. At that time, the court explained the nature of the charge to the defendant, read to the defendant the statutory definition of the offense of voluntary manslaughter, and defendant's counsel indicated concurrence in the agreement that the charge would be reduced from murder to voluntary manslaughter, and after full admonishment, the defendant did enter a plea of guilty to the voluntary manslaughter charge in the manner and form as charged in the indictment. The procedure here followed in ascertaining a factual basis for the plea, while not a model, was sufficient to satisfy the requirement of Supreme Court Rule 402(c) (Ill. Rev. Stat., ch. 110A, par. 402(c)) that there be a factual basis for the plea. The court specifically found a factual basis for the plea, heard the details of the offense, and the defendant being specifically informed as to the requisite mental state, entered his plea of guilty. See *People v. Abel*, 10 Ill.App.3d 210, 291 N.E.2d 841.

■■ This court has reviewed the appeal in the case of *Mize* and the opinion in that case (*People v. Mize*, 9 Ill.App.3d 647, 292 N.E.2d 731)

and the holding there is dispositive of the sentence issue. Sentencing is a judicial function and it remains so in plea negotiation cases. Any agreements in plea negotiations are at most recommendations, and the sentence to be imposed is for the court and for the court alone.

 As we said in *Mize*, it requires no citation of authority to state that a sentence of 18 to 20 years is not an indeterminate sentence within the concept of present-day penology. The criminal code provided at the time of this sentence, and provides now that penitentiary sentences be for an indeterminate term (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(e); Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1). Voluntary manslaughter being now a Class 2 felony, the minimum sentence may not be more than one-third of the maximum sentence imposed. The new Code of Corrections applies to cases on appeal. (*People v. Mize; People v. Lobb,* 9 Ill.App.3d 650, 292 N.E.2d 750.) Accordingly, the sentence in this case is modified and as modified, the minimum sentence shall be not less than 6 years and 8 months and the maximum not more than 20 years. With the sentence as modified, the conviction is affirmed and this cause is remanded to the circuit court of Jersey County with directions to issue an amended *mittimus* reflecting the foregoing modification.

Conviction affirmed, sentence modified, cause remanded with direcrections.

TRAPP and SIMKINS, JJ., concur.