THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT H. CARLISLE, Defendant-Appellant.

(No. 12256; ▮▮▮▮▮▮▮▮▮▮

Fourth District—February 27, 1975.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (Michael Prall, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted of the offense of misconduct by an inmate upon his plea of guilty. The sentence of not less than 1 nor more than 3 years in the Illinois State Penitentiary consecutive to the sentence he was then serving was imposed. Upon this direct appeal, the defendant contends that the trial court erred in accepting his plea of guilty without first establishing a factual basis for the plea as required by Supreme Court Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, ¶ 402(c)), and without ascertaining that the plea was voluntary as required by Supreme Court Rule 402(b) (Ill. Rev. Stat. 1973, ch. 110A, ¶ 402(b)). We affirm.

Initially, the defendant was indicted for attempted escape and misconduct by an inmate as those offenses are defined in section 17 of the Illinois State Penitentiary Act (Ill. Rev. Stat. 1971, ch. 108, ¶ 121). The latter offense, being Count II of the indictment, charged that the defendant:

"\* \* \* committed the offense of MISCONDUCT BY INMATE in that he, being a prisoner in the Pontiac Branch of the Illinois State Penitentiary, Pontiac, Illinois, intentionally and knowingly held or participated in the holding of Alfred E. Kreiter as a hostage by force, threat or violence, said defendant, Robert Carlisle, being at said time, duly and lawfully imprisoned in the Pontiac Branch of the Illinois State Penitentiary on a commitment from the Circuit Court of Cook County, Illinois, in which Court he was duly convicted of the offense of armed robbery and was sentenced by said Court to the Illinois State Penitentiary for a period of not less than three (3) years nor more than seven (7) years, said defendant, not having completed said sentence and said judgment of said Court being, at said time, in full force and effect, in violation of section 121 of chapter 108 of the Illinois Revised Statutes, and contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois."

The record in this case indicates that the defendant was an inmate of the Illinois State Penitentiary at Pontiac, serving a term of 3 to 7 years for the offense of armed robbery. Upon the happening of the events leading to the present charge, certain institutional or administrative disciplinary actions were taken against the defendant, and he sought initially to have the charge dismissed upon a theory of double jeopardy. As this case proceeded in the circuit court, from the date of the indictment in September 1972 to the ultimate entry of the plea of guilty in April 1973, there is a clear indication that the trial court was entirely familiar with the case, with the defendant's allegations as to institutional problems, and alleged harassment, alleged inaccessibility to his counsel, and inadequate opportunity to communicate with counsel. Ultimately, pursuant to agreement, Count I was dismissed, and a plea of guilty was entered on Count II.

■■■ With reference to the allegation that the court did not ascertain that the plea was voluntary, the recent opinions of the Illinois Supreme Court of *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559, together with *People v. Ellis,* 59 Ill.2d 255, 320 N.E.2d 15, make it clear that substantial, not literal, compliance with Rule 402(b) is all that is required. In the last cited case, the court indicated that failure to explicitly comply with the requirements of the Rule does not require reversal. Rather, upon review, the entire record is to be examined to determine whether or not the terms of a plea agreement were voluntary, and, if so, any error with reference to failure to strictly comply with 402(b) is regarded as harmless. The court inquired of the defendant with reference to the voluntariness of

the plea and whether there was any force or threat of force coercing the defendant to plead guilty to which the defendant responded as follows:

"Well, this is what I would like to say to the Court at this time. I have not been threatened into pleading guilty for these instant charges before the Court or promised any bargains or deals or anything of the sort, but I am pleading guilty to these charges due to the fact I have no further contest with these charges. I feel as though this Court is well aware that these charges have been pending since August 20, and I have been in custody and I have been through a lot of harassment and lot of segregation time and down at Menard and back to Pontiac and to Joliet and back to Menard, and I am pleading with a repugnant [sic] type of attitude. It is a really distasteful thing to take but I don't feel after examining the circumstances of what has happened from August 20th, that I could possibly receive a fair trial if I was to take this before a Jury, before my peers, and have them determine my guilt or innocence since my guilt or innocence has been decided in the Penitentiary before a Disciplinary Proceeding. I was wrapped with a cloth of innocence, which the Constitution mandates. I don't believe I can present my defense under these conditions. It is a dilemma. I am jumping from the frying pan into the fire. I don't like to plead for any time in the Penitentiary. I feel as though my actions of August 21st, were motivated under a manifest—my mental health and welfare were in jeopardy in the Institution at Pontiac. I feel as though what happened was justified, but I don't feel as though I can present the facts before a Jury.

MR. HINDS: You have a right to waive trial before a Jury and be tried before the Court.

MR. CARLISLE: No, I am pleading guilty.

MR. HINDS: Let's plead guilty and get it over with or if you want to be tried before the Court, the Judge would be happy to hear it.

THE COURT: The point here, Mr. Carlisle, is not really your motives for deciding that it is your best advantage to plead guilty but the question is whether the plea is voluntary.

\* \* \*

MR. CARLISLE: Yes. I fear nothing from the States Attorney. Like I said—

THE COURT: You have considered the matter and it is your decision that it is in your best interest to plead guilty in this matter, according to the Plea Agreement, is that correct?

MR. CARLISLE: Yes, I feel it is in my best interest to plead guilty.

THE COURT: And you understand what you are doing?

MR. CARLISLE: I understand.

THE COURT: All right."

We conclude under the authority stated that the plea was voluntary and that there was compliance with the requirements of Rule 402(b).

■■ The purpose and requirements of Rule 402(c) requiring a factual basis as a condition precedent to the acceptance of a plea is thoroughly discussed in *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533, *People v. Price*, 9 Ill.App.3d 693, 292 N.E.2d 752, and *People v. Abel*, 10 Ill. App.3d 210, 291 N.E.2d 841. From this discussion, it is clear that the court is only required to ascertain the existence of a factual basis prior to entry of final judgment and that substantial compliance again is all that is required. In this case, the indictment charged the offense in the language of the statute and with considerable specificity. The quoted portion of the record clearly indicates to us that the defendant understood the nature of the charge and the facts giving rise to the charge. In stating a factual basis for the plea, the prosecutor merely indicated that he was prepared to introduce evidence by way of testimony, including testimony from Alfred Kreiter, as to the offense as defined in the indictment and specified in the statute. This, of course, is wanting in some specificity, but in view of the entire record we conclude that there was substantial compliance with 402(c).

The judgment of the circuit court of Livingston County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.