THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARLOW BARTO, Defendant-Appellant.

(No. 73-242;

Third District—April 30, 1975.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Rodney Lechwar, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Harlow Barto, was convicted of arson and involuntary manslaughter upon his plea of guilty. Pursuant to plea negotiations, defendant was sentenced to the penitentiary for a term of 6 to 20 years for arson, and 3 to 10 years for involuntary manslaughter, the sentences to run concurrently. Defendant contends on appeal that this cause be remanded because of the trial court's failure to have a sentencing hearing and that convictions on both charges cannot stand because both alleged offenses arose from the same conduct.

The record discloses that defendant placed at least one burning flare into the dresser drawer of a hotel room and left the room. The fire burned out of control, causing the death of one occupant, and completely destroying the hotel.

On April 25, 1973, defendant was indicted on one count of murder and one count of arson. Defendant's conduct was described in virtually identical language in both counts. On August 20, 1973, the State, without objection by the defendant, made a motion to nolle prosequi the murder count, and in its stead filed an information charging defendant with involuntary manslaughter. As a result of plea negotiations, defendant pled guilty to both arson and involuntary manslaughter.

Although the court fully admonished the defendant of his rights under Supreme Court Rule 402, the defendant was advised that by tendering the negotiated plea he waived a sentencing hearing and a presentence report:

"THE COURT: One further thing I have to advise you of, Mr.

Barto, is that by the Court accepting a plea bargain such as this, you will not have a hearing in aggravation and mitigation and you will not have a presentence report where information about your background is presented to the Court and your attorney would be able to present matters to the Court that would affect any length of your sentence. Do you understand that?

MR. BARTO: Yes."

Defendant was then sentenced to concurrent sentences of 6 to 20 years for arson and 3 to 10 years for manslaughter.

Defendant contends on appeal that a negotiated plea agreement cannot abrogate the requirement of a sentencing hearing, and that the trial court cannot impose a minimum sentence greater than the statutory minimum on the basis of the plea agreement. Defendant cites the sentencing procedure contained in the Unified Code of Corrections.

Section 5—4—1(a) of the Code (Ill. Rev. Stat., ch. 38, par. 1005—4—1) provides that a sentencing hearing be held, which is mandatory, even if the defendant does not request it. (Ill. Ann. Stat. ch. 38, § 1005—4—1, Council Commentary (Smith-Hurd 1973).) Section 5—8—1(c)(3) requires the trial judge to consider the nature and circumstances of the offense and the history and character of the defendant before setting a higher than minimum term. Defendant contends that these two provisions taken together require the court to hold a sentencing hearing whenever a higher than minimum term is imposed, because it is only with the information which would be obtained at a sentencing hearing that a trial judge can make a proper evaluation of the factors required under section 5—8—1(c)(3) of the Code.

The Council Commentary explaining the purpose and intent of section 5—8—1(c)(3) supports this view:

"The judge is required to take regard of the nature and circumstances of the offense *and the history and character of the defendant* before setting minimum terms above the norms established by the Legislature in the statute  *  *  *." (Emphasis added.) Ill. Ann. Stat. ch. 38, § 1005—8—1, Council Commentary Smith-Hurd 1973).

The State contends that a defendant can knowingly and intelligently waive a sentencing hearing. The basic tenet of their argument is that the enactment of the Code of Corrections does not invalidate prior decisions which allowed waiver of a hearing in aggravation and mitigation. (*People v. Louis,* 112 Ill.App.2d 356, 251 N.E.2d 373 (1st Dist. 1969).) In *People v. Mize,* 9 Ill.App.3d 647, 292 N.E.2d 731 (4th Dist. 1973), the court approved a higher minimum term where the opportunity to offer evidence in aggravation and mitigation was given to both sides and

voluntarily waived, and where the record shows an adequate background of the defendant to establish factual basis to allow sentencing.

Nothing in the record supports the State's contention that defendant knowingly and intelligently waived his right to a hearing. On the contrary, the record reveals that defendant did not even have the opportunity to waive the hearing. The trial court expressly stated that defendant waived such a hearing by virtue of the plea bargain. In *People v. Matychowiak,* 18 Ill.App.3d 739, 310 N.E.2d 394 (5th Dist. 1974), a sentence was vacated on similar facts. The court there said that "[n]owhere in the Code is there an indication that a negotiated plea ipso facto can waive the requirements expressed by Sections 5—4—1 and 5—8—1(c)(3)." 18 Ill.App.3d 739, 741.

■■ This court recognizes the theory that in a negotiated plea situation, a defendant may realize that a court can impose more than the bare minimum provided by the Code, or he would not negotiate a higher minimum than is therein provided. Nevertheless, sentences cannot be imposed without the court being advised of the character and history of the defendant. In *People v. Congleton,* 16 Ill.App.3d 1003, 308 N.E.2d 156 (4th Dist. 1974), the court said, "Sentencing is a judicial function and it remains so in plea negotiation cases."

In the present case no presentence report was prepared for the court's consideration; no evidence was offered in aggravation or mitigation and no arguments were made as to sentencing alternatives. It is therefore apparent that the sentence imposed was based solely upon the plea agreement.

■■ From the record it is evident that the trial court did not comply with the Unified Code of Corrections in sentencing defendant. Defendant did not knowingly waive a hearing, and a negotiated plea standing alone is not sufficient to abrogate the mandatory nature of such a hearing. (*Matychowiak.*) Thus it is not necessary to decide whether, under the circumstances, it would be possible to waive a sentencing hearing when a higher than minimum term is to be imposed. Because the sole basis for the sentence was the negotiated plea, we must remand for a sentencing hearing.

■■ Defendant also argues that the judgment and sentence for the lesser offense of involuntary manslaughter must be vacated because both offenses charged resulted from a single occurrence. Defendant relies on a series of cases which have held that where multiple convictions are based upon a single act of the defendant, the lesser offense must be reversed. (*People v. Lilly,* 56 Ill.2d 493, 309 N.E.2d 1 (1974); *People v. Lerch,* 52 Ill.2d 78, 284 N.E.2d 293 (1972).) In the present case, the

trial court admitted that the same act formed the basis for the arson indictment and for the involuntary manslaughter information. There is nothing in the record to indicate that the offenses were independently motivated or resulted from anything other than a single act by defendant. In a case just released, *People v. Sanford*, 25 Ill.App.3d 763, 324 N.E.2d 12 (1st Dist. 1975), the court held that defendant's actions, which constituted offenses of arson and murder, were both part of a single course of conduct, and could only be convicted of murder. Under these factual circumstances, it is clear that only one sentence for the most serious offense may be imposed. *Sanford; Lerch; Lilly; People v. Clelland*, 12 Ill.App.3d 912, 299 N.E.2d 48 (3d Dist. 1973).

■■ Defendant's final contention on appeal is that the prosecutor violated the plea agreement in failing to inform defendant of the prosecutor's recommendations to the Pardon and Parole Board. In a statement submitted to the clerk shortly after defendant's sentencing, the prosecutor recited the facts and circumstances of defendant's conviction pursuant to section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, par. 1005—4—1(c)). The statement also contained the prosecutor's appraisal of defendant as a dangerous individual and urged that defendant be determined to be rehabilitated before being paroled. Defendant argues that the failure to apprise him of those recommendations vitiated the voluntary nature of his plea and requires that the plea be set aside. There is no showing that there were any representations made to defendant regarding this statement to indicate that it was made a basis for the negotiated plea.

The procedures followed by the prosecutor in the instant case in submitting recommendations shortly after sentencing has previously been upheld by the supreme court of this State in *People v. Hawkins*, 54 Ill.2d 247, 296 N.E.2d 725 (1973) and by this court in *People v. Robinson*, 20 Ill.App.3d 112, 312 N.E.2d 703 (3d Dist. 1974). The filing of the State's attorney's statement was determined to be not fundamentally unfair, but rather was consistent with the obligation of the prosecutor. (*Hawkins.*) The statement merely contained the prosecutor's viewpoint regarding defendant's parole, and as this court stated in *Robinson*, the Parole Board is entitled to such information. We therefore find that the prosecutor's statement in the instant case did not constitute a violation of the plea agreement.

The judgment of the Circuit Court of Will County is affirmed as to the conviction of arson; the sentence imposed thereon is vacated and the cause is remanded to said court with directions that a sentencing hearing be held in accordance with the views expressed herein; the judgment

858

is reversed as to the offense of involuntary manslaughter; and the judgment entered by the Circuit Court of Will County as to this offense is vacated.

Affirmed in part; reversed in part and remanded with directions.

STOUDER, P. J., and ALLOY, J., concur.