THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD EMERY, Defendant-Appellant.

Third District No. 74-315

Opinion filed March 15, 1976.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert A. Downs, State's Attorney, of Lewistown (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Richard Emery appeals from a finding of guilt on a charge of burglary, and from the consequent sentence of not less than 4 nor more than 12 years (which followed a guilty plea by Emery). Emery was indicted on the burglary charge and for theft under $150. The plea of guilty was entered to the burglary count, and thereafter on motion of the State the count charging theft was nolle prossed.

Defendant on appeal contends that the trial court failed to comply with certain requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, §402) in accepting his plea of guilty. He also contends that his plea was involuntary for the reason that the court based the sentence imposed on a plea agreement, which was not stated for the record, and after the court had already said the court would not rely on the agreements in conjunction with the guilty plea. He also contends that the court did not properly impose a greater minimum term than one year and did not consider the circumstances of the offense and the history and character of the defendant as required by section 5—8—1 (c)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, §1005—8—1(c)(3)).

It appears from the record that following defendant's indictment for burglary of a pharmacy in Canton, Illinois, the public defender was appointed to represent him. Plea negotiations were undertaken and led to an agreement by which the State agreed that it would then recommend a sentence of 6 to 18 years and drop a related theft charge and would also dismiss charges against Emery's alleged accomplice, Richard Simpson. Emery had originally told the police that Simpson had been a passenger in his automobile on the night of the burglary and that he had dropped Simpson off and picked him up later, at which time Simpson was found in Emery's car in possession of items stolen from a drug store.

The trial court questioned the dismissal of the charges against Simpson as part of the Emery plea agreement. Emery had said that he had falsely implicated Simpson previously. Since the court was not ready to accept Emery's new version as true, or condone the dismissal of the charges against another person as part of the plea agreement, Emery withdrew his tendered plea.

Thereafter, following a hearing and a denial of motions to suppress, Emery again appeared in court to voluntarily enter a plea of guilty to the burglary count on July 22, 1974. At that time the court carefully advised defendant of the nature of the charge by reading the indictment and the statutory definition of burglary. The court also meticulously explained sentencing possibilities relating to imprisonment and the mandatory parole provisions. The court also explained and repeated defendant's rights to a jury trial or bench trial; to continued representation by counsel; to confront witnesses and to present evidence; and, also, that defendant would be foregoing these rights by persisting in his plea of guilty.

The court then advised defendant that since there was no plea agreement, it would not be bound by any prior understandings, and that the court would impose sentence on the sole responsibility of the court. Defendant nevertheless persisted in his plea and requested a presentence report and a sentencing hearing. At that hearing the court examined the probation officer's report and asked some questions before requesting recommendations from counsel. The State's Attorney then informed the court that defendant's plea had resulted from plea negotiations by which the State had agreed to recommend a sentence of 4 to 12 years' imprisonment. Defendant corroborated this understanding, and the court announced that, while it was not bound by the agreement, the court would be disposed to go along with the State's recommendation. The sentence of 4 to 12 years' imprisonment was then imposed.

Defendant first argues on appeal that the trial court's failure to ascertain a factual basis for the burglary charge as required by Rule 402(c) necessitates a reversal of the conviction and another chance for defendant to plead to the charge. Emery contends that no factual basis was developed by the court at the time it accepted the plea and that Emery's own stories were conflicting as to whether he committed the burglary himself or merely provided transportation, knowingly or not, to his friend Simpson who was the actual burglar. Defendant also recalls that while he admitted committing the crime in the presentence report, he said, at that time that he did not meet Simpson until he was in jail on the instant charge. This assertion was proven to be clearly false by other evidence in the record. Defendant contends that this raises doubt as to his own

veracity in making his admissions. Defendant also states that in the pre-sentence report he claimed to have been under the influence of drugs, which would tend to negate the specific intent required for the crime of burglary.

Courts of review have established a policy concerning Rule 402(c) by which the factual basis for the crime charged may be determined from any part of the record. (*People v. Nyberg* (1st Dist. 1974), 24 Ill. App. 3d 41, 48, 320 N.E.2d 546; *People v. Price* (3d Dist. 1973), 9 Ill. App. 3d 693, 694, 292 N.E.2d 752.) The purpose of this rule is to allow the trial court to insure that defendant is not pleading guilty to a crime which his acts and mental state do not support, and that it is sufficient compliance with the Rule if there is compliance shown anywhere in the record.

■■ We note from the record that defendant twice admitted the burglary. The final admission in the presentence report is not necessarily to be doubted simply because of the obvious false statement relating to his friend Simpson. On the question of influence of drugs, there was medical evidence that Emery was not drugged or intoxicated on the night of the incident, at least not sufficiently to impair his capacity to undertake a crime with intent to commit the crime. There were sufficient admissions in the record to establish a factual basis for the charge, which were supported by the police reports concerning the breakin and the recovery of the missing merchandise in Emery's automobile, shortly thereafter. The purpose of Supreme Court Rule 402(c), as stated in *Nyberg*, was fully met. Defendant, represented by counsel, admitted his understanding after the court exhaustively explained the elements of the crime of burglary and the facts alleged in the indictment. Under the circumstances shown we do not believe there was any failure of the court to comply with Rule 402(c) and that defendant's plea was clearly made voluntarily and knowingly.

Defendant's remaining contentions deal with what he characterizes as the trial court's sudden, last minute, decision to impose sentence solely on the basis of the plea agreement. It appears from the record that the court was unaware of the existence of the agreement until it asked the State's Attorney for a recommendation at the conclusion of the sentencing hearing. The fact that the court then discovered that there was such plea agreement could not be said to render the plea involuntary. (*People v. Dudley* (1974), 58 Ill. 2d 57, 316 N.E.2d 773.) The trial court's action in considering the plea agreement with the recommendation, after the court had initially stated that the court was not required to rely on such recommendation or agreement, so far as the record shows, actually bene-fited defendant and did not make the plea involuntary. The court had

indicated that since there were no plea agreements at the time the plea was accepted, defendant was advised that no agreements would enter into sentencing consideration and that the court intended to consider, and did consider, all relevant factors in making the decision.

■■ While the trial court indicated, after it became aware of the plea agreement, that it would be disposed to follow the State's recommendation, there is nothing to show that the court was disregarding the presentence report or other evidence before it. It is fair to assume from the record that, after the court had considered the evidence as presented and it became aware of the plea agreement, the court determined that the recommendation of the State was supported by the evidence and thus was an appropriate sentence. Certainly there was no action by the court which prejudiced the defendant or vitiated the voluntary and understanding nature of his plea of guilty.

Emery finally argues that the court imposed an excessive sentence when it set a minimum term of 4 years instead of the minimum 1-year term prescribed by the statute (ch. 38, §1005—8—1(c)(3)). Defendant relies on *People v. Barto* (3d Dist. 1975), 27 Ill. App. 3d 853, 856, 327 N.E.2d 469, in which this court held that a negotiated plea agreement itself does not waive the necessity for a sentencing hearing in accordance with section 5—4—1 of the Unified Code of Corrections (ch. 38, §1005—4—1). In the case before us, however, unlike *Barto*, there was a sentencing hearing and a presentence report was made and presented to the trial court. There was nothing in the record to show that the court did not consider the evidence and information presented in the report. Also, *Barto* would not apply in the cause before us since in the *Barto* case defendant did not have a presentencing hearing.

■■ From the transcript it is apparent that the court did consider the nature and circumstances of the crime, and, particularly the history and character of the defendant, before determining to impose sentence in accordance with the State's recommendation. It was not error for the court to follow the prosecutor's recommendation, as part of the plea agreement, when the evidence presented at the sentencing hearing clearly supports that recommendation, as it does here.

Accordingly, we find from the record as a whole, that defendant's plea was voluntary and knowingly made and that the trial court did not improperly set a minimum prison term. Any failure in this case to comply rigidly with the dictates of Supreme Court Rule 402, while not encouraged by this court, were actually harmless errors. The court carefully admonished and readmonished defendant concerning his guilty plea and its consequence in substantial compliance with the provisions of Rule 402.

The judgment and sentence imposed by the Fulton County Circuit Court are, therefore, affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.