(No. 47663.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. HARLOW BARTO, Appellee.

*Opinion filed March 18, 1976.*

William J. Scott, Attorney General, of Springfield, and
Martin Rudman, State's Attorney, of Joliet (James B.
Zagel, Jayne A. Carr, and Anne Taylor, Assistant At-
torneys General, of Chicago, of counsel), for the People.

James Geis, Deputy Defender, Office of State Appel-
late Defender, of Ottawa (Mark W. Burkhalter, Assistant
Defender, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of
the court:

On November 25, 1972, the Orpheum Hotel in Joliet

was destroyed by a fire which took the life of George Jorgensen. The defendant, Harlow Barto, confessed to setting the fire and was indicted for arson and murder. Following discussions between the prosecution and the defense, the State nol-prossed the murder charge and filed an information charging involuntary manslaughter. The defendant then tendered a plea of guilty to the charges of arson and involuntary manslaughter. The court accepted the plea and imposed the recommended sentences of 6 to 20 years for arson and 3 to 10 years for involuntary manslaughter.

Before he accepted the plea, the judge carefully admonished the defendant of the rights he waived by pleading guilty and satisfied himself, from the statements of the defendant, that he was in fact guilty and that he and his attorney had initiated negotiations for a plea of guilty. After a full explanation, and prior to acceptance of the plea, the judge stated:

> "One further thing I have to advise you of, Mr. Barto, is that by the Court accepting a plea bargain such as this, you will not have a hearing in aggravation and mitigation and you will not have a pre-sentence report where information about your background is presented to the Court and your attorney would be able to present matters to the Court that would affect any length of your sentence. Do you understand that?
>
> MR. BARTO: Yes.
>
> THE COURT: Do you understand that you will be giving up your right to a pre-sentence report?
>
> MR. BARTO: Yes.
>
> THE COURT: Do you understand that—Is that your intention and desire?
>
> MR. BARTO: Yes."

The judge then entered judgment upon the plea of guilty and asked the State's Attorney, the defense attorney and the defendant if they had anything to say before sentence was imposed, and each answered "No." After sentence was imposed, this colloquy ensued:

> "THE COURT: *** Mr. Barto, you've heard the

sentence of the Court?

MR. BARTO: Yes.

THE COURT: Has anyone made any statement or promised to you that your sentence would be any less than I have just imposed upon you?

MR. BARTO: No.

THE COURT: Do you have anything else to say in regard to the sentence of the Court?

MR. BARTO: No.

THE COURT: All right, then there is nothing different than you anticipated, Mr. Barto?

MR. BARTO: No."

The Appellate Court, Third District, reversed the conviction for involuntary manslaughter because the two offenses, arson and involuntary manslaughter, were based upon a single act, and there was no indication that the offenses were independently motivated. The court affirmed the conviction upon the charge of arson, but vacated the sentence imposed upon that charge because there had been no sentencing hearing. (*People v. Barto,* 27 Ill. App. 3d 853 (3d Dist. 1975).) We granted the State's petition for leave to appeal, which sought review of the judgment only insofar as it vacated the sentence for arson.

The pertinent statutory provisions are sections 5—3—1, 5—4—1(a) and 5—8—1 of the Unified Code of Corrections. Section 5—3—1 provides:

"A defendant shall not be sentenced before a written presentence report of investigation is presented to and considered by the court where the defendant is convicted of a felony. The defendant may waive the presentence investigation and written report.

The court may order a presentence investigation of any defendant." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—1.)

The "Council Commentary," in summarizing this section, states: "Makes a presentence report mandatory for sentencing in all felony cases, unless knowingly waived by the defendant."

Section 5—4—1(a) provides:

"(a) After a determination of guilt, a hearing shall be held to impose the sentence. At the hearing the court shall:

(1) consider the evidence, if any, received upon the trial;

(2) consider any presentence reports;

(3) consider evidence and information offered by the parties in aggravation and mitigation;

(4) hear arguments as to sentencing alternatives; and

(5) afford the defendant the opportunity to make a statement in his own behalf." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1.)

The "Council Commentary," in describing the change effected by this section, states: "Section 1005—4—1 clears up any ambiguity in case law and makes this hearing mandatory whether requested by the defendant or not."

Section 5—8—1 sets forth minimum terms to be imposed in felony cases "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.) In this case, the sentence imposed for the offense of arson was higher than the minimum specified in the statute.

It was the view of the appellate court that the sentence must be set aside because the defendant "did not knowingly waive a [sentencing] hearing, and a negotiated plea standing alone is not sufficient to abrogate the mandatory nature of such a hearing." (27 Ill. App. 3d 853, 856.) Insofar as the statutory requirement of a written presentence report is concerned, we think it is clear from the record that the defendant understood that he had a right to a presentence report, and that he knowingly waived that right, as section 5—3—1 permits him to do. The trial judge had been advised of the circumstances of the crime, both by the defendant and by the prosecutor, and based upon those circumstances he imposed a sentence higher than the absolute minimum.

When the record in this case is measured against the provisions of section 5—4—1(a) it is clear that there was at least substantial compliance, and that no meaningful purpose would have been served by the formal sentencing hearing upon which the defendant and the appellate court would insist. The circumstances of the crime had been fully disclosed to the judge; a presentence report had been waived by the defendant; neither prosecution nor defense had offered any evidence or information by way of aggravation or mitigation; and the defendant had been afforded an opportunity to make a statement in his own behalf. There was no occasion for the trial judge to hear arguments as to sentencing alternatives, since the plea agreement entered into by the parties contemplated the imposition of a specific sentence, which the judge had considered and determined to be appropriate.

The kind of negotiated plea that was involved in this case is sanctioned by Rule 402(d)(2), which provides:

"If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea. At the same time he may also receive, with the consent of the defendant, evidence in aggravation or mitigation. The judge may then indicate to the parties whether he will concur in the proposed disposition; and if he has not yet received evidence in aggravation or mitigation, he may indicate that his concurrence is conditional on that evidence being consistent with the representations made to him. If he has indicated his concurrence or conditional concurrence, he shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule. If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty. If the defendant thereupon withdraws

his plea, the trial judge shall recuse himself." (Ill. Rev. Stat. 1973, ch. 110A, par. 402(d)(2).)

When this type of negotiated plea is employed, and the trial judge concurs in the disposition recommended by the parties, there is no necessity for a formal sentencing hearing. The Unified Code of Corrections does not indicate any intention to interfere with the kind of proceeding sanctioned by Rule 402(d)(2).

The mandatory aspect of section 5–4–1, mentioned in the "Council Commentary" and emphasized by the defendant and the appellate court, was intended to eliminate any ambiguity that may have resulted from earlier decisions which had held that no sentencing hearing would be conducted unless the defendant requested it. It was not intended to require a sentencing hearing when the trial judge had already indicated his concurrence in the disposition proposed by the parties. The appellate court has recognized that this provision of the Unified Code does not preclude the knowing and voluntary waiver of a sentencing hearing by the defendant. (*People v. Yepsen*, 30 Ill. App. 3d 484 (3d Dist. 1975); *People v. Diaz*, 30 Ill. App. 3d 496 (3d Dist. 1975).) And we add that a defendant, by his conduct in inducing the trial court to impose an agreed sentence, may be estopped from belated assertion of a statutory right to a sentencing hearing.

That portion of the judgment of the appellate court which set aside the sentence imposed upon the defendant for arson is reversed, and the sentence imposed by the circuit court is affirmed.

*Judgment reversed.*