THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD LOMAS, Defendant-Appellant.

Third District   No. 75-403

Opinion filed June 11, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

A Rock Island County grand jury indicted Richard Lomas on two counts of unlawful delivery of less than 30 grams of a controlled substance (heroin) (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)). On April 14, 1975, Lomas appeared in court with his appointed counsel and, pursuant to plea negotiations, pled guilty to both counts as charged in the indictments. In accordance with the plea bargaining the State recommended concurrent sentences of imprisonment of not less than 3 nor more than 10 years. After admonishing Lomas as required by Supreme Court Rule 402, the circuit court accepted the guilty pleas and sentenced him to terms of imprisonment consistent with the State's recommendation and the plea negotiations.

The record indicates that Lomas waived both his right to a presentence investigation and report and his right to a sentencing hearing. The factual bases for the guilty pleas presented by the State revealed that on two different occasions in September of 1974 defendant delivered less than 30 grams of a substance containing heroin to undercover police agents. No other information regarding the history and character of defendant was presented to the court prior to the sentencing. In the convictions on both charges the minimum sentences imposed were in excess of the minimum prescribed by statute for the offenses charged. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1; ch. 56½, par. 1401(b).

The issue presented for review is whether the trial court abused its discretion by imposing enhanced minimum terms of imprisonment on the defendant where both the defendant and the State had agreed on negotiated guilty pleas and sentence recommendations which were followed by the trial court.

In his brief defendant relies principally on our holding in *People v. Barto*, 27 Ill. App. 3d 853, 327 N.E.2d 469 (1975). The Illinois Supreme Court in *People v. Barto*, 63 Ill. 2d 17, 344 N.E.2d 433 (1976), reversed the holding of this appellate court. From this recent Supreme Court decision it is now apparent that a presentence hearing is not mandatory and is capable of being knowingly and voluntarily waived by a defendant. We find that the defendant in the case at bar, adequately waived his rights to a

presentence report and hearing and can not now complain. We believe the Supreme Court in *People v. Barto* decided the issue presented here adversely to defendant Lomas and that no extended discussion of the reasoning set out in that opinion is necessary. The plea agreement contemplated the sentences imposed upon Lomas. The trial judge determined those sentences were appropriate under the circumstances before he imposed them. Without a presentencing hearing or report in either *Barto* or the instant case the trial judge could only rely on the circumstances of the crimes committed as presented by the factual basis, and the defendant's acknowledgment in open court of his agreement with the terms of the plea-bargaining compact. "We add that a defendant by his conduct, in inducing the trial court to impose an agreed sentence, may be estopped from a belated assertion of a statutory right to a sentencing hearing." (*People v. Barto*, 63 Ill. 2d 17, 22, 344 N.E.2d 433 (1976).) Defendant is further estopped from asserting as error the enhanced minimum sentence to which he gave his unqualified concurrence by knowingly and voluntarily pleading guilty and accepting the benefits of the bargained for plea agreement.

For the foregoing reasons the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.