THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUSSELL K. COTHREN, Defendant-Appellant.

Third District   No. 75-365

Opinion filed June 17, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Russell K. Cothren, defendant, was indicted for unlawful possession of a controlled substance (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a)(5)). Pursuant to negotiations, the indictment was amended to allege the possession of less than 200 grams of a derivative of barbituric acid, thus reducing the offense to a Class 3 felony. Defendant pled guilty to the amended charge before the circuit court of Peoria County and was sentenced to a term of not less than 2½ nor more than 7½ years in the penitentiary.

Appearing in court on April 14, 1975, the State and the defendant indicated that a plea agreement had been reached. In return for defendant's plea of guilty the State pursuant to its agreement with the defendant, recommended a sentence of from 2½ to 7½ years in the penitentiary.

The court explained the nature of the offense to defendant Cothren, admonished him concerning the consequences of his plea and established that the plea was the result of no force or promise other than the plea agreement. In establishing a factual basis for the plea, the State's Attorney noted that the defendant, along with other youths, was arrested on August 24, 1974. Subsequent analysis of a substance then found in defendant's possession revealed that the defendant possessed less than 200 grams of a substance containing phenobarbital, a derivative of barbituric acid. The trial court accepted the defendant's plea of guilty.

The trial court twice asked the defendant whether he wished to waive the preparation of a presentence report "in view of the negotiated plea." The defendant twice responded in the affirmative. The State presented no evidence in aggravation, and, in response to the court's inquiry, noted that the 20-year-old defendant had no prior convictions. The defendant offered no evidence in mitigation.

The court thereafter sentenced the defendant to a term of not less than 2½ nor more than 7½ years in the penitentiary in accord with the plea agreement.

The only issue raised on this appeal is defendant's claim the trial court erred in imposing sentence even though in accord with the plea agreement without a presentence report or a presentence hearing. This issue is no longer arguable.

In his brief defendant relies principally on the case of *People v. Barto*, 27 Ill. App. 3d 853, 327 N.E.2d 469, in support of his proposition that a presentence hearing was mandatory and could not be waived. In doing so the defendant noted that petition for leave to appeal had been granted by

the Illinois Supreme Court thereby recognizing the contingent nature of the precedent.

In *People v. Barto*, 63 Ill. 2d 17, 344 N.E.2d 433, the supreme court reversed the holding of the appellate court and in so doing the court resolved the issue presented on this appeal adversely to the claim of defendant. We believe no extended discussion of the issue is required and hold that the defendant adequately waived·his rights to a presentence report and hearing and may not now complain.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.