THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY WILLIAMS, Defendant-Appellant.

First District (3rd Division)    No. 62737

Opinion filed November 4, 1976.

James Geis and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Jeffrey Singer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Harry Williams, waived indictment and entered a negotiated plea of guilty to an information charging him with robbery. Additionally, in return for the guilty plea, the State recommended a sentence of one to five years. Defendant was sentenced in accord with the agreement.

Defendant does not claim that his guilty plea was not entered in compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). Rather, defendant contends that the trial court erred in failing to require a submission of a presentence report before imposing sentence. He maintains that he did not knowingly waive his statutory right to such report which he maintains is mandatory. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—1.) Defendant therefore requests that his sentence be vacated and that the cause be remanded for a new sentencing hearing based upon the submission of a presentence report. He asserts that such a report

might disclose factors to lessen the maximum portion of the sentence initially imposed.

The stipulated factual basis indicates that defendant and a juvenile accosted two victims and at gunpoint took a wallet, watch, coat, and automobile. Several hours later, defendant was arrested. He was wearing the stolen coat and was in possession of the stolen watch.

The record discloses that defendant expressed his unfamiliarity with the concept of a presentence report when the matter was mentioned by the trial court during the plea admonishments. However, the record further indicates that thereafter defendant submitted a written waiver of such procedure. Moreover, his counsel specifically declined to present evidence in mitigation.

Even if we were to construe the record as failing to disclose a knowing waiver of a presentence report, this failure would not be of consequence in view of the supreme court's recent holding in *People v. Barto* (1976), 63 Ill. 2d 17, 344 N.E.2d 433. In that case, defendant entered negotiated guilty pleas to arson and involuntary manslaughter, and he expressly waived his statutory right to compilation of a presentence report. The agreed sentences were then imposed and no sentence hearing was conducted. The court rejected defendant's contention that he was statutorily entitled to a sentence hearing. The court held that such a hearing was not intended to be applied to negotiated pleas of guilty where the sentence imposed, as here, is in accordance with the terms of the agreement. The court further observed that defendant, by inducing the trial court to impose an agreed sentence, might be "estopped from belated assertion of a statutory right to a sentence hearing." 63 Ill. 2d 17, 22.

■■ As in *Barto*, we conclude that the requirement for a presentence report set forth by statute is not applicable to instances wherein a guilty plea is entered in return for an agreed sentence. Additionally, defendant's actions in accepting the State's recommendation as to the sentence to be imposed could be said to create a situation where he may not now claim that he was entitled to such report.

■■ Cases cited by defendant in support of his position are clearly distinguishable. *People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131, the court was not confronted with a situation involving a negotiated guilty plea. In *People v. Matychowiak* (1974), 18 Ill. App. 3d 739, 310 N.E.2d 394, the court was concerned principally with the fact that the actual minimum sentence imposed was greater than that authorized by statute. In the present case defendant received that minimum sentence authorized for robbery. Defendant's argument relates only to the maximum portion of the sentence imposed. Moreover, the *Matychowiak* holding antedated the *Barto* decision. Under the

circumstances, the imposition of sentence without a presentence report in the present case was not prejudicial.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA, P. J., and McGLOON, J., concur.